**TAX CERTIFICATE INVESTMENTS, INC., Appellant (Respondent Below),**

v.

**David E. SMETHERS and Ellen E. Smethers, Appellees (Petitioners Below).**

No. 48S02–9809–CV–490.

Supreme Court of Indiana.

June 23, 1999.

Brian E. Hicks, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Lockwood, Anderson, Indiana, Attorney for Appellee.

SHEPARD, Chief Justice.

Landowners who do not pay their property taxes will eventually find that the county acts to sell the land and collect its due. This appeal concerns the sort of notice the delinquent owner needs to receive.

David and Ellen Smethers, a divorced couple, were the owners of record for real prop-

erty that was sold for delinquent taxes to Tax Certificate Investments, Inc. (TCI). David and Ellen petitioned to set aside the tax deed, alleging that the county did not give adequate notice of the sale to Ellen. The trial court set aside the deed, and the county appealed. The Court of Appeals affirmed. *Tax Certificate Investments, Inc. v. Smethers,* 690 N.E.2d 358 (Ind.Ct.App.1998). We grant transfer.

TCI raises two issues on appeal:

1. Whether Ellen was legally entitled to notice of the tax sale, and

2. Whether joint notice addressed to David and Ellen and mailed to the subject property was adequate notice to Ellen.

### Facts and Procedural History

During their marriage, David and Ellen Smethers purchased residential real property in Madison County, Indiana. In April 1989, they divorced. As part of the property settlement, the residential property was "set over" to David, subject to an existing mortgage and a $2,000 lien granted to Ellen, representing her equity interest in the property. Ellen executed a release of judgment dated July 20, 1990, acknowledging payment of the $2,000 lien. Also in 1990, Ellen executed a quitclaim deed relinquishing all right, title and interest in the property. That deed was never recorded. As a result, David and Ellen Smethers remained joint owners of public record.

In 1994, a court order for the sale of the property was entered due to nonpayment of real estate taxes. In May 1995, South Trust Estate & Trust Co. sent a notice to "Smethers, David E. and Ellen E." at the property address advising that the property had been sold at a tax sale in October of 1994. Later in 1995, South Trust assigned its interest to TCI.

In October 1995, TCI sent a notice that TCI had filed a petition for a tax deed, similarly addressed to "Smethers, David E. and Ellen E." at the property address. David acknowledges that he received both notices. However, although he and Ellen spoke on a weekly basis, he did not discuss

either notice with Ellen for several months. A court order directing issuance of a tax deed to TCI was entered on October 12, 1995. On May 1, 1996, David and Ellen filed a joint petition seeking invalidation of the tax deed.[1]

### The Statutory Framework

A purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. Ind.Code Ann. § 6–1.1–24–9 (West Supp.1998). A one-year redemption period ensues. Ind.Code Ann. § 6–1.1–25–1 (West 1998); Ind.Code Ann. § 6–11–25–4 (West Supp.1998). If the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. *Id.* The property owner and any person with a "substantial property interest of public record" must each be given two notices. Ind. Code Ann. §§ 6–1.1–25–4.5, –4.6 (West Supp. 1998).

The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed petition will be filed. Ind.Code Ann. § 6–1.1–25–4.5 (West Supp.1998). The second notice announces that the purchaser has petitioned for a tax deed. Ind.Code Ann. § 6–1.1–25–4.6 (West Supp.1998).

### I. Entitlement to Notice

TCI first contends that Ellen Smethers was neither a joint owner nor a party with a substantial interest of public record, and was therefore not entitled to either notice of the tax sale pursuant to Ind.Code § 6–1.1–25–4.5 or to notice of deed issuance pursuant to Ind.Code § 6–1.1–25–4.6. Because we find TCI's second issue dispositive, we assume without deciding that Ellen was entitled to notice.

### II. Adequacy of Notice

TCI next contends that the joint notice addressed to David and Ellen and mailed to the subject property was adequate notice to Ellen. The trial court held that Ellen and David were entitled to separate and individual notices of the tax sale and filing of the petition for a tax deed.[2] (R. at 242.) Indiana Code § 6–1.1–25–4.5 requires that to be entitled to a tax deed, a tax purchaser or assignee such as TCI must:

> give[ ] notice of the sale, the date of expiration of the period of redemption, and the date on or after which a petition for the tax deed will be filed to the owner and any person with a substantial property interest of public record in the tract or real property.... The purchaser or assignee ... shall give the notice required ... by sending a copy of the notice by certified mail to the parties described [above] at their last known addresses.

Indiana Code § 6–1.1–25–4.6 contains a comparable notice requirement as a prerequisite to a petition for a court order for a tax deed. Indiana Code § 6–1.1–25–16 provides that a person "may, upon appeal, defeat the title conveyed by a tax deed executed under section 4 of this chapter only if ... (7) the notices required by IC 6–1.1–24–4, and sections 4.5 and 4.6 of this chapter were not in substantial compliance with the manner prescribed in those sections."

[redacted] David and Ellen Smethers argue that joint notice does not satisfy the requirements of due process, even to joint owners of record shown as residing at the same address. (Appellee's Br. at 12.) The U.S. Supreme Court held in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), that a state must provide "notice reasonably calcu-

1. Ellen remains liable on a mortgage on the property. (R. at 372, 396.)

2. The trial court also held that Indiana Rules of Trial Procedure 4 and 4.1 require that notices to joint owners of real estate be sent via separate certified mailings. (R. at 242.) Because joint notices were sent, the court concluded that jurisdiction over David and Ellen Smethers was not properly established during the tax sale proceedings. (R. at 243.) As noted by the Indiana Court of Appeals in its opinion, it is adequacy of notice and not personal jurisdiction that is the proper focus of this inquiry. *Tax Certificate Investments*, 690 N.E.2d at 361. Moreover, Ind.Code § 6–1.1–24–4.7(f) provides that the court that enters a judgment and order of tax sale retains exclusive continuing jurisdiction over all matters related to the sale. *See also Star Financial Bank v. Shelton*, 691 N.E.2d 1338, 1341 (Ind.Ct.App.1998) (court that ordered issuance of a tax deed had exclusive, continuing jurisdiction over challenges to that deed).

lated, under all the circumstances, to apprise interested parties of the pendency of the action" prior to taking steps that will affect a protected interest in life, liberty, or property. Notice is constitutionally adequate when "the practicalities and peculiarities of the case ... are reasonably met." *Id.* at 314–15, 70 S.Ct. 652.

We addressed the requirements of due process in the context of tax sale notice in *Elizondo v. Read,* 588 N.E.2d 501 (Ind.1992). In *Elizondo,* the county auditor sent notices of redemption and of deed issuance to the Elizondos at the address on file with the auditor's office. *Id.* at 504. Because the Elizondos had moved twice, the notices were returned as unclaimed or undeliverable. *Id.* at 502. After publication of notice in local newspapers in accordance with the applicable statute, the property was deeded to the tax sale buyers. *Id.* Had the auditor checked personal property records, or real estate transfer cards, she could have found a current address for the Elizondos. *Id.* at 504. However, the Elizondos had made no effort to update their address with the auditor's office. *Id.* We held that "[a]ll that is required is ... notice to the owner's last known address, that is, the last address of the owner of the specific property in question of which the auditor has knowledge from records maintained in its office." *Id.* Although the auditor had other addresses on file, some of which happened to be more current, we held that sending notice to the last address *listed for the property at issue* was sufficient. *Id.* at 504–05.

Although the purchaser of the property rather than the county auditor was responsible for sending the notice in this case, the requirements for notice were the same. The purchasers sent notice to the recorded owners of the property, at their listed address. Had Ellen wished to receive notices at another address, she had ample opportunity to

update the property records. She did not do so. (R. at 131–32.)[3] TCI was entitled to rely on the official property records in complying with the statutory notice requirement. It appropriately sent notices to joint owners of record at the address those owners had provided.

■ Indiana caselaw has for some time held the property owner accountable for ensuring that official property records reflect a correct address. In *Holland v. King,* 500 N.E.2d 1229, 1237 (Ind.Ct.App.1986), the court stated: "Our legislature intended to place the burden of notifying the county taxing authority of the taxpayer's correct address upon the taxpayer. If the county sends notice to the taxpayer's last known address as supplied by the taxpayer, and the notice reaches this address, then notice is sufficient...." The controlling statute in *Holland* did not expressly state that notice sent to the last known address was sufficient. *See id.* at 1236. The case here is even stronger, where the "last known address" requirement has been specifically incorporated. Ind.Code Ann. § 6–1.1–25–4.5(b) (West Supp.1998). The conclusion that it is the taxpayer's burden to update his or her address remains consistent with the statute as revised. *See also Smith v. Breeding,* 586 N.E.2d 932, 937 (Ind.Ct.App.1992) (reiterating the holding of *Clark v. Jones,* 519 N.E.2d 158, 160 (Ind.Ct.App.1988), that "the onus is upon the property owners to [e]nsure that the auditor's records reflect the correct address....").

■ Furthermore, the statutory notice requirement for the redemption period calls for "*a* copy of *the* notice by certified mail to the parties described ... at their last known addresses." Ind.Code Ann. § 6–1.1–25–4.5(b) (West Supp.1998) (emphasis added). The singular terms "copy" and "notice" to

---

3. She also has not demonstrated that TCI had actual notice of her change of address at the time of either notification. David and Ellen Smethers contend that the decree dissolving their marriage, which was a public record, (R. at 345), should have alerted TCI to the fact that Ellen was no longer residing at the property. This argument is unavailing, since TCI had no legal obligation to investigate the status of the marriage.

Further, the same decree also provided that the real estate in question was to be "set over" to David. (*Id.*) Although we have assumed without deciding that Ellen was entitled to notice, the claim that the decree of dissolution provided TCI with adequate notice of the need for separate mailings but did not impair Ellen's entitlement to notice is questionable. If anything, it suggested that Ellen was no longer an owner.

the plural "parties" would be incongruous with a legislative intent to require separate notices to each individual party at the same address.[4] The statutory notice requirement for a petition for a tax deed, Ind.Code § 6–1.1–25–4.6(a), provides for notice "in the same manner as provided in section 4.5" except as to the publication requirement if the owner cannot be located, so again there is no apparent legislative intent to require individual notice. A single notice to joint owners of record listed at a single address suffices under the plain language of the statute, as well as under the requirements of due process.

### Conclusion

For the aforementioned reasons, we reverse the judgment of the trial court and direct judgment for the tax purchaser.

DICKSON, SULLIVAN, SELBY, and BOEHM, JJ., concur.

---

4. The term "addresses" is, of course, plural. However, in the context of the sentence, this plural usage implies nothing more than an acknowledgment that there may be more than one known address. If, as in this case, there is only one known address, a copy of the notice to that address is sufficient.