**Jeff COMBS, Appellant–Respondent,**

v.

**Rodney TOLLE and Greg Tolle, Appellees–Petitioners.**

No. 08A02–0405–CV–422.

Court of Appeals of Indiana.

Oct. 12, 2004.

Laura L. Bowker, Lafayette, IN, Attorney for Appellant.

Brian E. Hicks, Griffin Hicks & Hicks, Indianapolis, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

Jeff Combs appeals the trial court's grant of a petition for a tax deed to Rodney Tolle and Greg Tolle (collectively, the "Tolles"). Combs raises two issues, which we consolidate and restate as whether the trial court's order granting the Tolles' petition for a tax deed after finding that Combs received the proper statutory notices is clearly erroneous. We affirm.[1]

The relevant facts follow. In February 1994, Combs purchased property in Carroll County for use in his business, and the corporate warranty deed listed Combs's address as "R.R. # 2 Box 88, Delphi, Indiana 46923." Appellee's Appendix at 1. In 1995, the address of the property changed due to the implementation of a 911 system, but Combs did not request that the county's auditor correct his address in its records.

Combs failed to pay his real estate taxes, and in September 2002, the county

---

1. We direct Combs's attention to Ind.App. Rule 46(A)(10) which requires an appellant's brief to "include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

treasurer and auditor filed an "Application for Judgment and Order for Sale," which the trial court granted. Appellant's Appendix at 1. On September 30, 2002, the property was sold to the Tolles at a tax sale, and the one-year redemption period commenced. On April 11, 2003, the Tolles mailed a statutory notice of tax sale regarding the redemption period to Combs by certified mail at the "R.R. # 2 Box 88, Delphi, IN 46923" address. *Id.* at 22. The notice was returned as "no such address." *Id.* at 23. On the same day, the Tolles also mailed the same notice to Combs by certified mail at his residence at "6929 W. 16th St., Indianapolis, IN 46214–3329." *Id.* at 20. The notice was claimed by "S. Combs," Combs's wife. *Id.* at 21.

On October 17, 2003, the Tolles mailed a statutory notice of filing petition for tax deed to Combs by certified mail at the "R.R. # 2 Box 88, Delphi, IN 46923" address. *Id.* at 22. The notice was returned as "unclaimed" and the address "1705 W South" was written on the envelope. *Id.* at 25. On the same day, the Tolles also mailed the notice to Combs by certified mail at "6929 W. 16th St., Indianapolis, IN 46214–3329." *Id.* at 20. Combs claimed this notice.

On October 20, 2003, the Tolles filed a petition for issuance of a tax deed, which the trial court granted. On December 9, 2003, Combs filed a motion to set aside the trial court's order directing the issuance of a tax deed. The trial court granted the motion, ordered the auditor to set aside and vacate the issuance of a tax deed, and granted Combs additional time to file an objection to the issuance of a tax deed. Combs later filed an objection to the petition for a tax deed, and, after a hearing, the trial court issued an order directing the auditor to issue a tax deed. The trial court found that "[a]ll notices required by law have been given" and the Tolles "com-

plied with all the provisions of law entitling [them] to a deed." *Id.* at 4.

The issue is whether the trial court's order granting the Tolles' petition for a tax deed after finding that Combs received the proper statutory notices is clearly erroneous. The trial court entered findings of fact and conclusions thereon on its own motion. Sua sponte findings control only as to the issues they cover. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). A general judgment will control as to the issues upon which there are no findings. *Id.* "A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence." *Id.*

When a trial court has made findings of fact, we review the sufficiency of the evidence using a two-step process. *Id.* First, we must determine whether the evidence supports the trial court's findings of fact. *Id.* Second, we must determine whether those findings of fact support the trial court's conclusions of law. *Id.* We will set aside the findings only if they are clearly erroneous. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id.* "A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts." *Id.*

In applying this standard, we neither reweigh the evidence nor judge the credibility of the witnesses. *Pitman v. Pitman*, 721 N.E.2d 260, 263–264 (Ind.Ct.App. 1999), *trans. denied.* Rather, we consider the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.* To make a determination that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made. *Yanoff*, 688 N.E.2d at 1262.

Combs argues that the trial court's order granting the Tolles' petition

for a tax deed is clearly erroneous because he did not receive the proper statutory notices, i.e., the notice of the tax sale and the notice of filing of the petition for a tax deed.[2] Combs argues the notices were improper because they were sent to the rural route address rather than the street address assigned when the 911 system was implemented. According to Combs, the statutory provisions and his due process rights were violated by the purchasers' failure to provide proper notice.[3]

Under the statutory notice provisions, after the property is sold at the tax sale, an owner has a one-year period to redeem property sold due to delinquent taxes. Ind.Code § 6–1.1–25–1 (Supp.2003); Ind. Code § 6–1.1–25–4 (Supp.2003). If the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. Ind.Code § 6–1.1–25–4.6 (Supp.2003).

One of the statutory requirements is that the purchaser must give notice pursuant to Ind.Code § 6–1.1–25–4.5, which, at the time the Tolles sent the notice to Combs, provided:[4]

---

**2.** Combs also appears to argue that the auditor's notice of the tax sale under Ind.Code § 6–1.1–24–4 was improper. However, "the issuance of a tax deed creates a presumption that a tax sale and all of the steps leading up to the issuance of the tax deed are proper." *Reeder Associates II v. Chicago Belle, Ltd.,* 778 N.E.2d 828, 831 (Ind.Ct.App.2002), *trans. denied.* "[T]his presumption may be rebutted by affirmative evidence to the contrary." *Id.* At the hearing, Combs presented no evidence related to the auditor's notice. On appeal, Combs argues that the auditor sent the notice to the rural route address. However, we presume that the auditor's notice was proper, and Combs presented no evidence to rebut that presumption. Consequently, we address only Combs's argument that the Tolles' notices were improper.

**3.** Combs also argues that the "statutory scheme provided under Indiana law fails to pass muster under due process standards" and "the notice requirements under the Indiana Tax Sale statutes is (sic) inadequate when evaluated pursuant to due process requirements." Appellant's Brief at 6. However, Combs did not argue to the trial court that the statute was unconstitutional. Challenges to the constitutionality of a civil statute may be waived if they could have been raised to the trial court but were not. *In re Baby W.,* 774 N.E.2d 570, 579 (Ind.Ct.App.2002), *trans. denied.* Consequently, Combs has waived the argument.

**4.** The Tolles sent the redemption notice to Combs on April 11, 2003, and we apply the version of the statute in effect at the time the Tolles sent the notice. The statute was subsequently amended effective July 1, 2003. *See* Pub.L. No. 170–2003, § 11 (eff. July 1, 2003). The current version of the statute provides:

(a) Except as provided in subsection (d), a purchaser or the purchaser's assignee is entitled to a tax deed to the property that was sold only if:

(1) the redemption period specified in section 4(a)(1) · of this chapter has expired;

(2) the property has not been redeemed within the period of redemption specified in section 4(a) of this chapter; and

(3) not later than nine (9) months after the date of the sale:

(A) the purchaser or the purchaser's assignee; or

(B) in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor;

*gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or real property.*

\* \* \* \* \*

(e) The person required to give the notice under subsection (a), (b), or (c) shall give the notice by sending a copy of the notice by certified mail to:

(1) the owner of record at the time of the:

(A) sale of the property;

(B) acquisition of the lien on the property under IC 6–1.1–24–6; or

(a) A purchaser, the purchaser's assignee, or a county is entitled to a tax deed to the property that was sold only if:

    (1) the redemption period specified in section 4 of this chapter has expired;

    (2) the property has not been redeemed within the period of redemption specified in section 4 of this chapter; and

(A) not later than nine (9) months after the date of the sale:

    (A) the purchaser or the purchaser's assignee; or

    (B) in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor;

    gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or real property.

(b) The purchaser or assignee or, in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor shall give the notice required by subsection (a) by sending a copy of the notice by certified mail to:

    (1) *the owner of record at the time of the sale at the last address of the owner for the property sold, as indicated in the records of the county auditor;* and

    (2) any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest.

However, if the address of the person with a substantial property interest of public record is not indicated in the public record that created the interest and cannot be located by ordinary means by the purchaser or assignee or, in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor may give notice by publication in accordance with IC 5-3-1-4 once each week for three (3) consecutive weeks.

\* \* \* \* \*

(f) The notice required by this section is considered sufficient if the notice is mailed to the address required under subsection (b).

(emphasis added). Thus, the Tolles were required to send the notice of sale to Combs at his last address, as indicated in the records of the county auditor. The Tolles sent the notice of sale to Combs at both the rural route address and Combs's Indianapolis address on April 11, 2003.

(C) sale of the certificate of sale on the property under IC 6-1.1-24; *at the last address of the owner for the property, as indicated in the records of the county auditor;* and

(2) any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest.

However, if the address of the person with a substantial property interest of public record is not indicated in the public record that created the interest and

cannot be located by ordinary means by the person required to give the notice under subsection (a), (b), or (c), the person may give notice by publication in accordance with IC 5-3-1-4 once each week for three (3) consecutive weeks.

\* \* \* \* \*

(i) The notice required by this section is considered sufficient if the notice is mailed to the address required under subsection (e).

I.C. § 6-1.1-25-4.5 (emphasis added).

The purchaser must send a second notice to the owner after the redemption period pursuant to Ind.Code § 6–1.1–25–4.6(a), which provides in part: [5]

> After the expiration of the redemption period specified in section 4 of this chapter but not later than six (6) months after the expiration of the period of redemption:
>
> (1) the purchaser, the purchaser's assignee, the county, or the purchaser of the certificate of sale under IC 6–1.1–24 may; or
>
> (2) in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor shall, upon the request of the purchaser or the purchaser's assignee;
>
> file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. *Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter,* except that, if notice is given by publication, only one (1) publication is required. *The notice required by this section is considered sufficient if the notice is sent to the address required by section 4.5(d) of this chapter.*

(emphasis added). Consequently, the Tolles were also required to send the notice of filing to Combs at his last address, as indicated in the records of the county auditor. The Tolles sent this notice of filing to Combs at both the rural route address and Combs's Indianapolis address on October 17, 2003.

Despite the fact that the rural route address was Combs's address indicated in the auditor's records, Combs argues that the auditor was aware of the implementation of the 911 system and had a duty to update Combs's address in its records. In *Tax Certificate Investments, Inc. v. Smethers,* 714 N.E.2d 131, 134 (Ind.1999), our supreme court held "Indiana caselaw has for some time held the property owner accountable for ensuring that official property records reflect a correct address." In *Tax Certificate Investments,* our supreme court held that notice was sufficient where the purchaser sent the notice to the owners' last known address as indicated by the official property records despite the fact that the owners had divorced and the wife no longer resided at the property. *Id.* (relying upon prior version of Ind.Code § 6–1.1–25). The purchaser "was entitled to rely on the official property records in complying with the statutory notice requirement," and it was the owner's burden to update her address. *Id.*

Similarly, in *Elizondo v. Read,* 588 N.E.2d 501, 504 (Ind.1992), our supreme court held that "the Auditor will be considered to have been aware of any address for the [property owner] that is contained in the auditor's own records to the extent that the alternate listing linked the persons therein to the property upon which taxes were delinquent." However, "the auditor should not be required to resort to the most recent telephone directories to ascertain a different address, nor should the auditor be required to search the records of other offices such as the recorder or the court clerk." *Id.*

The record here indicates that Combs did not provide the auditor with an updated address. Nothing in the record indi-

---

**5.** The Tolles sent this notice on October 17, 2003. The statute was amended effective July 1, 2003. *See* Pub.L. No. 170–2003, § 12 (eff. July 1, 2003). Thus, we apply the version in effect at the time the Tolles sent the notice.

cates that the auditor had other records that linked Combs with a different address, and the auditor was not required to search other records to find a valid address for Combs. *See, e.g., id.* Further, the Tolles were entitled to rely upon the auditor's official records and properly sent the notices to Combs's address of record. *See, e.g., Tax Certificate Investments,* 714 N.E.2d at 134 (holding that the purchaser properly sent the notices to the address indicated by the official property records).

Despite Combs's failure to update his address with the auditor, he argues that due process required the notices to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Combs argues that this case is similar to *Shenvar v. Johnson,* 741 N.E.2d 1275, 1283 (Ind.Ct.App.2001), *trans. denied,* where this court held that a purchaser failed to make a "diligent inquiry" regarding the owners' address. In *Shenvar,* the notices sent by the purchaser to the owners' last known address were returned as undeliverable. *Id.* We held that the purchaser failed to make a "diligent inquiry" and failed to meet due process requirements because he failed to request the owners' current mailing addresses from the mortgage holder and failed to call the telephone number he saw on a sign. *Id.*

However, *Shenvar* was decided under the prior version of Ind.Code § 6–1.1–25–4.5, which provided that "if the address of the owner or person with a substantial property interest of public record upon *diligent inquiry* cannot be located by the purchaser ... the county auditor notice may be given by publication in the manner described in IC 6–1.1–22–4(b) once each week for three (3) consecutive weeks." I.C. § 6–1.1–25–4.5(b) (rewritten by Pub.L. No. 139–2001, § 16 (eff. July 1, 2001)) (emphasis added). The current version of Ind. Code § 6–1.1–25–4.5 contains no obligation to use a "diligent inquiry" to locate the owner.[6]

■ Further, even if we assume that due process requires the purchaser to make additional inquiries if, as here, the certified mail notice is returned as "no such address," the Tolles' actions met such due process requirements. The Tolles did more than simply send the notice of sale to the address listed in the auditor's records and took the additional step of locating an Indianapolis address for Combs. When the Tolles sent the notice of sale to Combs's Indianapolis address, Combs's wife signed for the certified mail. Combs admits that he was living at the Indianapolis address at the time but argues that he was not always on good terms with his wife and she did not give him the notice. However, the Tolles could not have anticipated Combs's relationship with his wife. The notice was reasonably calculated, under all the circumstances, to inform Combs of the action and the redemption period. The Tolles sent the second notice to the same Indianapolis address, and Combs admits that he received the notice. Conse-

---

**6.** The current version provides "if the address of the person with a substantial property interest of public record is not indicated in the public record that created the interest and cannot be located by ordinary means by the person required to give the notice under subsection (a), (b), or (c), the person may give notice by publication...." I.C. § 6–1.1–25– 4.5(e). While the prior version of the statute required a "diligent inquiry" in locating both owners and persons with a substantial property interest, the current version of the statute requires the use of "ordinary means" in locating persons with a substantial property interest, not owners.

quently, the Tolles provided notice that complied with the statutory requirements and due process. The trial court's order granting the Tolles' petition for a tax deed is not clearly erroneous. *See, e.g., Tax Certificate Investments,* 714 N.E.2d at 134.

For the foregoing reasons, we affirm the trial court's order granting the Tolles' petition for a tax deed.

Affirmed.

BAILEY, J. and MAY, J., concur.