**Sam F. OLIVERIO and Amber L. Oliverio, Appellants,**

v.

**Pam CHUMLEY, Appellee.**

**No. 66A04–0403–CV–184.**

Court of Appeals of Indiana.

Nov. 17, 2004.

---

**☞750**

Todd E. Wallsmith, Nichols, Wallsmith & Weaver Knox, IN, Attorney for Appellants.

Kevin C. Tankersley, Winamac, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Sam and Amber Oliverio appeal the trial court's denial of their appeal from the court's order for issuance of two tax deeds to Pam Chumley. The Oliverios present a single issue for our review, namely, whether Chumley complied with the tax sale notice requirements under Indiana Code Section 6–1.1–25–4.5(e).

We affirm.

### FACTS AND PROCEDURAL HISTORY

In 1997, the Oliverios purchased two parcels of land in Pulaski County ("the parcels"). After 2000, the Oliverios stopped paying the property taxes on the parcels. In 2002, Chumley bought the tax certificates for the parcels. And, after the period for redemption of the certificates had lapsed, Chumley obtained the Oliverios' address from the Auditor's office and sent notices of the tax sale and redemption period expiration date to the Oliverios at that address. But the Oliverios had not notified the Auditor's office of their new address after they moved in July 2000. Thus, the notices were returned unserved, and Chumley thereafter served notice to the Oliverios by publication. The Oliverios did not respond to that notice.

On November 17, 2003, Chumley filed a petition for issuance of tax deeds with the trial court, and the court entered an order for issuance of the tax deeds on December 18, 2003. On January 2, 2004, the Auditor's office issued the tax deeds on the parcels to Chumley. On January 28, 2004, after the Oliverios had learned about the tax sale, they filed an appeal with the trial court,[1] which the court denied. This appeal ensued.

### DISCUSSION AND DECISION

The Oliverios contend that Chumley did not comply with Indiana Code Section 6–1.1–25–4.5 when she did not make any

---

1. While the statutory scheme is unclear on this point, our case law establishes that such an appeal is properly filed with a trial court rather than with this court. *See Northern Industries, Inc. v. Board of Comm'rs of Delaware, Ind.,* 627 N.E.2d 1319, 1321 (Ind.Ct. App.1994).

attempt to determine the Oliverios' correct address after the required notices were returned to her unserved. We cannot agree.

Our supreme court has explained the statutory framework for a tax sale as follows:

A purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. Ind.Code Ann. § 6–1.1–24–9 (West Supp.1998). A one-year redemption period ensues. Ind.Code Ann. § 6–1.1–25–1 (West 1998); Ind.Code Ann. § 6–1.1–25–4 (West Supp.1998). If the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed.[2] *Id.* The property owner and any person with a "substantial property interest of public record" must each be given two notices. Ind.Code Ann. §§ 6–1.1–25–4.5, –4.6 (West Supp.1998).

The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed petition will be filed. Ind.Code Ann. § 6–1.1–25–4.5 (West Supp.1998). The second notice announces that the purchaser has petitioned for a tax deed. Ind.Code Ann. § 6–1.1–25–4.6 (West Supp.1998).

*Tax Certificate Investments v. Smethers,* 714 N.E.2d 131, 133 (Ind.1999).

At the time of Chumley's tax sale purchases in 2002, Indiana Code Section 6–1.1–25–4.5 provided in relevant part as follows:[3]

(a) [A] purchaser [at a tax sale] ... is entitled to a tax deed to the property that was sold only if: ... the purchaser ... gives notice of the sale to the owner of record at the time of the sale and any

person with a substantial property interest of public record in the tract or real property.

(b) The purchaser or assignee ... shall give the notice required by subsection (a), by sending a copy of the notice by certified mail to:

(1) the owner of record at the time of the sale *at the last address of the owner for the property sold, as indicated in the records of the county auditor;* and

(2) any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest.

However, if the address of the person with a substantial property interest of public record is not indicated in the public record that created the interest and cannot be located by ordinary means by the purchaser ..., the county auditor may give notice by publication in accordance with IC 5–3–1–4 once each week for three (3) consecutive weeks.

\* \* \*

(f) *The notice required by this section is considered sufficient if the notice is mailed to the address required under subsection (b).*

(Emphases added).

■ Here, Chumley followed the statute and sent the proper notices to the Oliverios by certified mail to the address the Pulaski County Auditor had on file. Our reading of the plain language of the statute indicates that that was the extent of Chumley's obligation. *See id.* (notice to property owner sufficient if mailed by certified mail to address maintained by county auditor). The Oliverios, however, read

---

**2.** Under certain circumstances not relevant here, the county auditor, and not the purchaser, is required to give the notices.

**3.** This statute was amended in 2003, but there were no substantive changes relevant to the issues in this appeal.

the statute to mean that Chumley had to use "ordinary means" to locate their correct address. But that contention rests on a misreading of the statute and a failure to acknowledge a significant amendment to the statute that occurred in 2001.

██ In construing a statute, our objective is to determine the intent of the legislature. *Joe v. Lebow,* 670 N.E.2d 9, 18 (Ind.Ct.App.1996). The language of the statute is the primary tool for determining legislative intent. *Id.* We do not read the language of the statute in isolation, but consider the language and structure of the entire statutory scheme and the changes made to the statute over time. *Id.* In most circumstances, a statutory amendment may be appropriately construed as indicative of legislative intent to change the statute's meaning. *Id.*

Prior to 2001, Indiana Code Section 6–1.1–25–4.5 provided in relevant part that "if the address of the owner *or* person with a substantial property interest of public record *upon diligent inquiry* cannot be located by the purchaser ... notice may be given by publication...." (Emphases added). Thus, under the former version of the statute, Chumley would have had to make "diligent inquiry" into obtaining the Oliverios' correct address. But the 2001 amendment resulted in two substantive changes to the notice requirements: (1) only "ordinary means," not "diligent inquiry," need be used to obtain a proper address; and (2) a purchaser need use ordinary means in obtaining the address of a person with a substantial property interest of public record, but not in obtaining the same for the owner of record. Since the

2001 amendment, nothing in the statute requires a tax sale purchaser to notify an owner of record by any means other than by certified mail to the address maintained by the county auditor's office.

Still, the Oliverios direct us to this court's opinion in *Shenvar v. Johnson,* 741 N.E.2d 1275 (Ind.Ct.App.2001), *trans. denied,* in support of their contention on appeal. In *Shenvar,* we held that the tax sale purchaser did not comply with the pre–2001 statutory notice requirements requiring "diligent inquiry" into the property owner's address. *Id.* at 1283. We explained that "diligent inquiry" required the purchaser to take steps "reasonably calculated, under all the circumstances" to notify the property owners of the tax deed proceedings. *Id.* But given the 2001 amendment eliminating altogether the requirement to make diligent inquiry into a property owner's address, our holding in *Shenvar* is not dispositive here. *See Combs v. Tolle,* 816 N.E.2d 432, 434 (Ind. Ct.App., 2004). Again, the current statute, and the statute in effect at all times relevant to this appeal, does not require any type of inquiry into a property owner's address beyond contacting the county auditor.[4] In sum, the trial court did not err when it denied the Oliverios' appeal from the issuance of the tax deeds to Chumley.

Affirmed.

SULLIVAN, J., and BARNES, J., concur.

---

4. In *Shenvar,* we noted that, under the former version of the statute, when a county auditor is required to provide notice to a property owner, its "duty of diligent inquiry under section 6–1.1–25–4.5(b) is confined to the records maintained in its office." 741 N.E.2d at 1283 n. 14. The 2001 amendment was clearly designed to make the same duty of inquiry apply to tax sale purchasers. Indeed, here, Chumley went beyond what the statute requires of tax sale purchasers when she notified the Oliverios by publication. Since the 2001 amendment, notification by publication is only required for persons with substantial property interests of public record, not property owners. I.C. § 6–1.1–25–4.5(e).