**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 29 2014, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT
THE ESTATE OF TIMOTHY J.
BARTRUFF:

**JEFFREY A. GOLDING**
Valparaiso, Indiana

ATTORNEY FOR APPELLEES:

**FRED W. GRADY**
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE ESTATE OF TIMOTHY J. BARTRUFF and ALL PARTIES OF INTEREST OF PUBLIC RECORD, | ) ) ) ) | |
| Appellants-Respondents, | ) ) | |
| vs. | ) ) | No. 64A05-1311-MI-540 |
| DENNIS C. HAIN and JUDITH A. HAIN, | ) ) ) | |
| Appellees-Petitioners. | ) | |

APPEAL FROM THE PORTER CIRCUIT COURT
The Honorable Mary R. Harper, Judge
Cause No. 64C01-1010-MI-10384

**September 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

The Estate of Timothy J. Bartruff ("the Estate") appeals the trial court's denial of its motion to vacate a judgment that granted Dennis C. Hain and Judith A. Hain a tax deed for real property that was previously owned by Timothy J. Bartruff, but sold to the Hains at a tax sale auction. On appeal, the Estate questions the form and manner by which Bartruff was notified of his rights to redeem the real estate and raises the following restated issues:

I. Whether the language of the "Notice of Tax Sale, Redemption Rights, and Date of Application for Tax Deed" ("Redemption Notice") and the "Notice of Application for Tax Deed" ("Tax Deed Notice") failed to substantially comply with Indiana Code sections 6-1.1-25-4.5 and 4.6 and, therefore, precluded the trial court from granting the Hains a tax deed on the Bartruff property; and

II. Whether the Redemption Notice and the Tax Deed Notice were reasonably calculated, under all the circumstances, to apprise Bartruff of the sale of the property and issuance of the tax deed to the Hains and, therefore, complied with due process concerns.

We affirm.

## FACTS AND PROCEDURAL HISTORY[1]

Bartruff owned a parcel of real estate—including a house—located at 171 East 700 South, Kouts, Indiana ("the property"), which he inherited from his father, mortgage free, in late 2003 or early 2004. Bartruff remained current on property taxes until July 2008 when he was arrested on a federal warrant in Missouri, where he had been living for about five years. "[A] superseding indictment in the case of "United States versus Timothy

---

[1] The transcripts of the June 20, 2013 hearing and August 22, 2013 hearings were submitted in two separate volumes. Because we cite to only the June 2013 hearing, we will use the designation "*Tr.*" for that volume.

Bartruff" was filed." *Tr*. at 34. "[P]art of that superseding indictment was an application for forfeiture of this particular property by the United States Government." *Id*. On April 29, 2010, Bartruff entered a plea of guilty to several counts of the indictment and, on July 11, 2011, was sentenced to thirty years in prison. A forfeiture of the property was "ordered by Judge Moody in July of 2011." *Id*. at 35. When Bartruff died three weeks later, the forfeiture order was vacated, and the "whole case became moot and was dismissed." *Id*. at 35. From his July 2008 arrest until his August 2011 death, Bartruff did not pay any taxes on the property.

Meanwhile, Bartruff's son, Junior,[2] who was also arrested in July 2008, was released from custody in January 2009. At that time, Junior began living with his girlfriend at the property. Junior conceded that mail was regularly delivered to the property during the time he lived there.

On October 1, 2010, the trial court issued a judgment for unpaid taxes, penalties, and interest on the property and listed it for tax sale in Porter County. The Hains, represented by attorney Fred Grady, purchased the property at public sale on October 20, 2010 and were issued a tax sale certificate. At the time of the sale, the Porter County Auditor listed Bartruff as the property's owner of record. Notwithstanding Bartruff's incarceration, the Auditor's records listed his address as the property's address. In November 2010, Junior and his girlfriend turned off the utilities, left no forwarding address, and moved from the property to Kentucky.

---

[2] Father and son were both named Timothy J. Bartruff. While the Estate refers to the son as Junior, we note that this is not a legal designation because the two men have different middle names. *Tr*. at 5.

On March 18, 2011, the Hains sent the Redemption Notice to Bartruff at the property address. The Notice provided that the property had been sold due to unpaid taxes, that the Hains had purchased the property on October 20, 2010, and that the owner could pay and redeem the property prior to October 20, 2011.[3] The Redemption Notice contained two defects—an incomplete parcel number and inconsistent redemption dates.

The Redemption Notice was sent by certified mail, and the post office made two attempts to deliver it. On April 11, 2011, the Hains' attorney Grady received a "return receipt," which noted, "Return to Sender, Unclaimed, Unable to Forward." *Id.* at 51. On May 31, 2011, the Hains sent the Redemption Notice a second time to the same address; this time, it was sent first class mail. There is no evidence in the record before us that the Redemption Notice sent by first class mail was returned.

According to the records of the Porter County Auditor, Bartruff was the owner of record of the property during the redemption period which ran from October 20, 2010—the date the Hains purchased the property—until October 20, 2011, when the redemption period expired. During the one-year redemption period, the Auditor's records were not updated to reflect that Bartruff had been in federal custody since July 2008 or that he died in federal custody in August 2011—a date that fell two months prior to the end of the redemption period.

---

[3] Every notice that the Hains sent to Bartruff was also sent to Medical Specialists P.C., c/o Scot L. Burke; Paul Timmons, c/o David A. Foelber; Porter County Clerk; and State of Indiana, Clerk's Office. While the latter three received the notices, Medical Specialists' was returned marked "Not Deliverable." *Appellant's App.* at 55, 59, 65, 71. On appeal, the Estate discusses only the notices sent to Bartruff.

On October 28, 2011, the Hains, filed with the trial court a document entitled, "Verified Petition for Tax Deed." *Id*. at 44-47. That same day, they sent the Tax Deed Notice to Bartruff at the Kouts address via certified mail and also by first class mail.[4] *Appellee's App.* at 7-11. After the United States Post Office was unsuccessful in its two attempts to deliver the certified letter, it was returned to attorney Grady as "unclaimed." *Id*. at 9. The first class letter was likewise returned to Grady with the notations, "moved left no address," "unable to forward," and "return to sender." *Id*. at 11.

The Hains paid all the taxes, assessments, penalties, and costs accrued against the property. On December 9, 2011, the trial court ordered the Porter County Auditor to issue the Hains a tax deed for the property. *Id*. at 23. The Auditor executed the tax deed ("Tax Deed") on January 19, 2012, which conveyed the property to the Hains. The Tax Deed was recorded in the Porter County Recorder's Office on February 6, 2012.

In July 2012, a friend informed Junior, via Facebook, that the Kouts property was for sale. Junior contacted Jeffrey A. Golding to serve as Junior's attorney in this matter. On August 1, 2012, the Estate was opened by its personal representative, Clark Holesinger. This case commenced on August 8, 2012, when the Estate filed a Motion to Vacate Judgment. In that motion, the Estate maintained that merely mailing the Redemption Notice to Bartruff was not adequate to inform him about the sale and redemption rights when Bartruff was in prison and died before the end of the redemption period.

---

[4] The Tax Deed Notice contained effectively the same language as the Redemption Notice.

5

On May 16, 2013, the Hains filed a Response to the Motion to Vacate Judgment.[5]

Evidence was submitted during a June 20, 2013 hearing. The parties filed stipulated facts

and exhibits, and a supplemental hearing was held on August 22, 2013. On October 3,

2013, the trial court denied the Estate's Motion to Vacate Judgment, finding: (1) the Hains

had sent the notices to the address listed in the records of the Porter County Auditor; and

(2) the manner of notification was constitutionally adequate because the notices were sent

by certified mail, "and when that failed, by first class mail as well." *Appellant's App.* at

39. Noting that the Hains had no duty to search the internet for Bartruff's name after the

notices were returned undeliverable, the trial court concluded that the Hains' "attempts to

give notice to [Bartruff] were reasonably calculated and sufficient under Indiana Code § 6-

1.1-25-4.5(d) and § 6-1.1-25-4.6(a)(2)." *Id*. at 40. The Estate now appeals.

## DISCUSSION AND DECISION

The Estate contends that the form and manner by which Bartruff was notified of the

sale of the property and right of redemption did not substantially comply with statutory

requirements or constitutional due process requirements.[6]

---

[5] This response is not in the record before us.

[6] The Estate also asserts that Bartruff's heirs were not provided with notice after his death, which was on a date that fell two months prior to the termination of the redemption period. *Appellee's Br*. at 1-2. Pursuant to Indiana Code sections 6-1.1-25-4.5 and 4.6, a purchaser of property sold at a tax sale is entitled to a tax deed once the purchaser has complied with various conditions. One of those conditions is that the purchaser must give notice to the owner of record *at the time of the sale*. Junior was not an owner of record at the time of the sale; therefore, Junior was not entitled to notice.

6

## I.      Substantial Statutory Compliance

"'A tax sale is purely a statutory creation, and material compliance with each step of the statute is required.'" *Iemma v. JP Morgan Chase Bank, N.A.*, 992 N.E.2d 732, 738 (Ind. Ct. App. 2013) (quoting *Nieto v. Kezy,* 846 N.E.2d 327, 337 (Ind. Ct. App. 2006)). "'While a tax deed creates a presumption that a tax sale and all of the steps leading to the issuance of the tax deed are proper, the presumption may be rebutted by affirmative evidence to the contrary.'" *Id.* (quoting *Nieto,* 846 N.E.2d at 337). "An order to issue a tax deed will be given if the court finds that the notices have been provided pursuant to the statutes." *Id.* (citing *Diversified Invs., LLC v. U.S. Bank, N.A.,* 838 N.E.2d 536, 542 (Ind. Ct. App. 2005), *trans. denied*). "However, 'title conveyed by a tax deed may be defeated if the notices were not in substantial compliance with the manner prescribed' by the pertinent statutes." *Id.* (quoting *Porter v. Bankers Trust Co. of Cal., N.A.,* 773 N.E.2d 901, 906 (Ind. Ct. App. 2002)).

As our court noted in *Iemma*, the Indiana Supreme Court has summarized the procedures for obtaining a tax deed as follows:

> A purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. A one-year redemption period ensues. If the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. The property owner and any person with a "substantial property interest of public record" must each be given two notices.
>
> The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed will be filed (i.e., redemption notice). The second notice announces that the purchaser has petitioned for a tax deed (i.e., notice of petition for tax deed).

*Iemma*, 992 N.E.2d at 738-39 (quoting *Tax Certificate Invs., Inc. v. Smethers*, 714 N.E.2d 131, 133 (Ind. 1999) (internal citations omitted)).

The Estate contends that the Hains' Tax Deed was void because the notices did not substantially comply with Indiana Code sections 6-1.1-25-4.5 and 4.6—statutes governing tax sales, redemption periods, and petitions for a tax deed. *Appellant's Br*. at 4. While the Estate does not specify the statutes with which the Hains failed to comply, we note that pursuant to Indiana Code sections 6-1.1-25-4.5 and 4.6, the notices must contain "the date of expiration of the period of redemption" and the "key number or parcel number of the tract or real property." Ind. Code § 6-1.1-25-4.5(e)(12) and (15); Ind. Code § 6-1.1-25-4.6(a). Here, the property was identified as number 64-16-06-452-024.000; however, the actual identification number was 64-16-06-452-024.000-*013*. *Appellant's App.* at 49 (emphasis added). Additionally, the notices contained a one-day discrepancy regarding the redemption date; first, noting that the property had to be redeemed "*prior to* October 20, 2011," and later in the same paragraph stating that the property had to be redeemed "*on or before* the expiration date of October 20, 2011." *Appellant's App.* at 49 (emphasis added), 50 (emphasis added). The Hains argue, "Although certainly there is nothing to indicate that this error in format was dispersed intentionally, it is certainly misleading and should invalidate the Verified Petition for Tax Deed." *Appellant's Br*. at 6.

We begin by noting that the issue of these inconsistencies was not raised in the Estate's Motion to Vacate Judgment, during the July 2013 hearing on that motion, or in the trial court's Order Denying Respondent's Motion to Vacate Judgment; therefore, the issue

is waived. *See Frances Slocum Bank & Trust Co. v. Estate of Martin*, 666 N.E.2d 411, 413 (Ind. Ct. App. 1996), *trans. denied* ("A party who raises an issue on appeal that was not raised in the trial court waives that issue."). Waiver notwithstanding, we find that Bartruff could not have been misled by language in the notices that the Estate contends Bartruff never received.

Even if Bartruff had received and read the notices, the Estate does not explain how it was prejudiced by the language discrepancies. Under the facts of this case, such explanation would not have prevailed. First, the inclusion in the notices of the property's legal description and address resolved any confusion regarding what parcel of property was at issue. Second, the inconsistency of the stated redemption dates, being just one day apart, was clear on the face of the notices. Hence, it would have been unreasonable for Bartruff to rely on either date without making a further inquiry as to which date was valid. More importantly, the Estate does not claim that the failure to redeem the property was the result of the discrepancy or that Bartruff relied upon or was prejudiced by the discrepancy in any way. We cannot conclude that either of these scrivener's errors constitute a failure to substantially comply with the notice requirements so as to invalidate the tax deed. *See In re Sale of Real Prop. with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1072 (Ind. Ct. App. 2005) (holding that failure to substantially comply with statute could not be proven where owner of land failed to explain how she was prejudiced by scrivener's error in notice of tax sale); *see also Anton v. Davis,* 656 N.E.2d 1180, 1184 (Ind. Ct. App. 1995) (holding that auditor substantially complied with statute even though notice listed

tax sale date as October 3, when sale was actually held on October 17, because the owner was not prejudiced), *trans. denied.*

## II.      Due Process Considerations

Here, the trial court entered special findings and conclusions according to Indiana Trial Rule 52(A).  Accordingly, our standard of review is two-tiered.  *Marion Cnty. Auditor v. Sawmill Creek, LLC,* 964 N.E.2d 213, 216 (Ind. 2012).  We first determine whether the evidence supports the findings and then whether the findings support the judgment.  *Id.* "Courts of appeal 'shall not set aside the findings or judgment unless clearly erroneous.'" *Id*. (quoting Ind. Trial Rule 52(A)).  "In reviewing the trial court's entry of special findings, we neither reweigh the evidence nor reassess the credibility of the witnesses."  *Id*. (quoting *Stonger v. Sorrell,* 776 N.E.2d 353, 358 (Ind. 2002)).  The evidence is viewed in the light most favorable to the judgment, and we will defer to the trial court's factual findings if they are supported by the evidence and any legitimate inferences therefrom.  *Id.* at 216-17. Conversely, legal conclusions are reviewed *de novo.  Id.* at 217 (citing *Nichols v. Minnick,* 885 N.E.2d 1, 3 (Ind. 2008)).  "A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts."  *Id.* (quotations omitted).

When an owner of real estate fails to pay property taxes, the property may be subject to sale in settlement of the delinquent taxes.  *Sawmill Creek,* 964 N.E.2d at 217.  "This action by the state conflicts with the rights of the property owner, thus '[b]efore a State may take property and sell it for unpaid taxes, the Due Process Clause of the Fourteenth Amendment requires the government to provide the owner "notice and opportunity for

hearing appropriate to the nature of the case.""'" *Id*. (quoting *Jones v. Flowers*, 547 U.S. 220, 223(2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950))).

As our court recently noted, the Supreme Court of the United States has described the notice requirements of due process as follows:

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals."

*City of Elkhart v. SFS, LLC*, 968 N.E.2d 812, 817 (Ind. Ct. App. 2012) (quoting *Mullane,* 339 U.S. at 314-15 (citations and quotations omitted); *see also Flowers,* 547 U.S. at 229.

We first address whether the due process clause applies to the Hains who, obviously, are not a governmental entity.[7] *See Tulsa Prof'l Collection Servs., Inc. v. Pope,* 485 U.S. 478, 485 (1988) (holding that "Fourteenth Amendment protects [property interests], however, only from a deprivation by state action"). Our court recently noted, "'when

---

[7] A county auditor and county treasurer may enter into a mutual agreement for the auditor, instead of the purchaser, to provide the property owner with the notice required pursuant to Indiana Code sections 6-1.1-25-4.5 and 4.6. Ind. Code § 6-1.1-25-4.7. Here, the parties do not state whether Porter County entered into such an agreement; however, because the notices were sent to Bartruff with the return address of the Hains' attorney, we proceed under the assumption that no such agreement was in place and that the duty to provide notice remained with the purchasers. *Appellant's App.* at 51; *Appellees' App.* at 9.

11

private parties make use of state procedures with the overt, significant assistance of state officials, state action may be found.'" *Iemma*, 992 N.E.2d at 740 (quoting *Pope,* 485 U.S. at 486). "The government is significantly involved in tax sale proceedings as the taxing authority that files an application for judgment and order for sale; indeed, it is the county government that takes the property and sells it for unpaid taxes." *Id.* (citing *Sawmill Creek,* 964 N.E.2d at 217). Furthermore, in some counties, the county auditor is responsible for giving notice to the property owners and/or persons with interest in the property. *Id.* "Without discussing the issue of state action by a non-governmental entity, both our Supreme Court and this court have held that a non-governmental tax purchaser must comply with the notice requirements of the due process clause." *Id.* (citing *Smethers,* 714 N.E.2d at 133). We will follow precedent and evaluate whether the Hains' notices complied with due process requirements. Additionally, we will apply to the Hains the same standards that are applied to government actors.

Here, the parties do not dispute that Bartruff and Junior failed to update the Porter County Auditor's records to reflect that Bartruff was imprisoned prior to the sale of the property and then died two months prior to the deadline of the one-year period allowed to redeem the property.[8] The parties also do not dispute that the Hains mailed each required notice to Bartruff at the address listed in the Auditor's records, sending one by certified mail and another by first class mail.

---

[8] The Estate contends that Junior's failure to update the records can be attributed to the fact that he had no interest in the property until his father's death. Additionally, the Estate contends that Junior did not provide his address to the Auditor when he moved to Kentucky in November 2010, in part, because he did not have a forwarding address when he moved.

Citing to *Flowers*, the trial court recognized that notice is constitutionally sufficient "'if it was reasonably calculated to reach the intended recipient when sent.'" *Appellant's App.* at 39 (quoting *Flowers*, 547 U.S. at 226). However, when a certified letter is returned as unclaimed, additional steps must be taken "if practical to do so." *Flowers*, 547 U.S. at 234. The trial court noted that "one reasonable step . . . would be for the State [or Petitioner] to resend the notice by regular mail, so that a signature was not required." *Appellant's App.* at 39 (quoting *Flowers*, 547 U.S. at 234). Recognizing that the Hains did just that, the trial court concluded that the Hains had no additional duty to search for Bartruff. *Id.*

On appeal, the Estate, in its rather scant argument, contends that the constitutional requirements of due process were not satisfied because Bartruff received no notice while in prison, and further, a "Google search of Timothy Bartruff that takes less than one minute [would have shown] that [Bartruff] was incarcerated and later died." *Appellee's Br.* at 8.

The Estate cites to *Robinson v. Hanrahan*, 409 U.S. 38 (1972) as support for its contention that the manner by which the notices were sent constituted a due process violation. Specifically, the Estate argues that mailing notice to Bartruff's property was insufficient when he was, in fact, in prison. In *Robinson*, the United States Supreme Court found that Robinson, a criminal defendant, was denied due process when the State mailed notice of a forthcoming forfeiture proceeding to his home of record—an address the defendant was required to keep updated by statute—under circumstances where it was known at the time that the defendant did not live there because he was incarcerated by the State. 409 U.S. at 40.

13

*Robinson* is not controlling. Although the Estate's attorney, Golding, tried to introduce evidence suggesting that the Hains' attorney, Grady, had knowledge of Bartruff's incarceration, Golding was unsuccessful. During the June 2013 hearing, Golding questioned the Estate's personal representative, Holesinger, with the goal of proving Grady knew that Bartruff was incarcerated; therefore, any notices sent to Bartruff at his home were not reasonably calculated to reach him. Holesinger testified that because he represented one of Bartruff's co-defendants in a federal criminal case against Bartruff, he knew that Bartruff was incarcerated at the time of the tax sale. *Tr.* at 28. Holesinger also testified that Grady represented another of Bartruff's co-defendants and, therefore, also likely knew of Bartruff's incarceration. *Id.* at 28-29. Grady objected to Holesinger's testimony, noting that the Estate's Motion to Vacate Judgment did not reference the federal case against Bartruff and his co-defendants. In response to questioning from the trial court, Golding admitted that he had not previously alleged that Grady had knowledge of Bartruff's incarceration. *Id.* at 29. The trial court closed down this line of questioning, stating, "New Issue. It's not in the petition. We're going to work with the petition as filed." *Id.* at 30. Unlike the facts in *Robinson*, here, there is no admissible evidence that Grady or the Hains knew that Bartruff was incarcerated.

Regarding the Estate's claim that an internet search was required, the trial court noted that the Hains were "'not under any obligation to search for [Bartruff's] new address in [a] local phonebook or in other government records' after the certified mail was returned unclaimed." *Appellant's App.* at 40. We agree. While some attorneys have used internet

14

searches to find a property owner's current address, we cannot say that failing to perform an internet search, *per se*, violated Bartruff's right to due process. *See Nieto*, 846 N.E.2d at 331 (Yahoo internet search to find property owner did not reveal his current address).

Keeping within the limited confines of the issues raised to this court, and viewing the evidence in the light most favorable to the judgment, we cannot say that the trial court's judgment denying the Estate's motion to vacate is clearly erroneous.

Affirmed.

MAY, J., concurs.

BAILEY, J., concurs in result with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE ESTATE OF TIMOTHY J. BARTRUFF and ALL PARTIES OF INTEREST OF PUBLIC RECORD, | ) ) ) | |
| | ) | |
| Appellants-Respondents, | ) | |
| | ) | |
| vs. | ) | No. 64A05-1311-MI-540 |
| | ) | |
| DENNIS C. HAIN and JUDITH A. HAIN, | ) | |
| | ) | |
| Appellees-Petitioners. | ) | |

**BAILEY, Judge, concurring in result**

Under the Fourteenth Amendment to the United States Constitution, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Robinson v. Hanrahan, 409 U.S. 38, 39-40 (1972) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). The Estate's motion to set aside the sale of Bartruff's residence alleged that Bartruff (and, in turn, the Estate) was denied due process. The Estate's questions sought to elicit testimony relevant to this matter, and the trial court's sustaining of the Hains' objection to this line of questioning was, in my opinion, an abuse of discretion.

16

Nevertheless, evidence presented at the hearing pointed to Bartruff's ordinary practice of regularly and timely paying property taxes on the home, Bartruff's son's presence in the home for approximately one month after the auction of the property at a tax sale, and the apparent proper delivery of regular U.S. mail to the residence. Under the circumstances, I conclude that there was reasonable notice concerning the tax sale, from which Bartruff or his Estate could have made inquiries concerning the redemption period. I thus respectfully concur in the result.