**Robert M. McBAIN and Ann W. McBain, Appellants–Defendants,**

v.

**HAMILTON COUNTY, Appellee–Plaintiff.**

No. 29A05–0008–CV–343.

Court of Appeals of Indiana.

March 9, 2001.

 

Alice A. O'Brien, O'Brien & Davidsen, Noblesville, Indiana, Attorney for Appellants.

## OPINION

BAILEY, Judge

### Case Summary

Robert M. and Ann W. McBain (the McBains) appeal the trial court's denial of

their Petition to Set Aside Tax Sale. We reverse.

## Issues

The issue presented by the McBains is whether the Hamilton County Auditor's office provided the McBains with constitutionally sufficient notice of Hamilton County's intention to sell the McBains's property to recover unpaid taxes. We must also consider whether this issue has been rendered moot by the McBains's apparent redemption of their property from the tax sale process.

## Facts and Procedural History

In 1995, the McBains purchased real estate at 11630 Rosemeade Drive in Carmel, Indiana. During the first half of 1996, the McBains moved from that address to Cordova, Tennessee. (R. 35.) The McBains had been delinquent on their property taxes for the Rosemeade Drive property for some time as of 1997. On August 22, 1997, the Hamilton County Auditor's office sent the McBains a Notice of Tax Sale, advising that the McBains's property would be sold to recover the unpaid taxes pursuant to Indiana Code sections 6-1.1-24-1 through -14. (R. 18.) The Notice, which the Auditor's office sent by certified mail to 11630 Rosemeade Drive, was returned by the post office with a notation indicating that the order to forward the McBains's mail to their new address at 7612 Emerald Greens Drive in Cordova, Tennessee had expired. (R. 18.) The Auditor's office did not forward the notice to the McBains's Cordova, Tennessee address listed on the returned envelope, believing its obligation to notify the McBains of the anticipated tax sale had been discharged.

On September 26, 1997, the Treasurer and Auditor of Hamilton County filed their joint Application for Judgment and Order of Sale with the Hamilton County Superior Court, seeking judgment against the McBains's Rosemeade property in the amount of the unpaid taxes, and an order directing that the property be sold to recover that amount. (R. 9–10). The court issued its Judgment and Order of Sale the same day, (R. 11.) and the property was apparently sold on October 13, 1997. (R. 50.) Court documents identify the tax sale purchaser as Arizona Pacific. There is no indication in the record that Arizona Pacific participated in any of the proceedings below.

The McBains learned that their property taxes were in arrears at some point in 1998. The McBains subsequently learned of the October 1997 tax sale, and attempted to pay the balance of the unpaid taxes, $7,992.59, by check dated July 17, 1998. (R. 38, 51–52.) The Auditor's office did not accept the check because the tax sale had already occurred, and the amount required to redeem the property pursuant to statute was at that time $21,997.52. (R. 54.) The McBains accordingly filed their Petition to Set Aside Tax Sale on July 17, 1998, the same day they tendered payment of the taxes. (R. 14.) The court denied the Petition following a hearing on August 7, 1998. (R. 63.) The court's order on the Petition was eventually served on the McBains nearly two years later, on July 17, 2000. In the meantime, according to the McBains's Brief, the McBains redeemed their property by paying their back taxes and other costs and expenses as directed by county officials. (Appellants's Brief at 3.)

The McBains appeal.

## Discussion and Decision

### A. Standard of Review

■ We initially note that Hamilton County has failed to file an appellee's brief.[1] When an appellee fails to submit a

---

1. Elements of the McBains's Brief raise questions about its service. The Brief is styled, "*Robert M. McBain and Ann W. McBain, Appellant/Defendants Below, v. State of Indiana,* *Appellee/Plaintiff Below.*" However, the words "State of Indiana" have been crossed out in pen, and someone has written "Hamilton Cty." over the words. In addition, the

brief, an appellant may prevail by making a prima facie case of error. *Rzeszutek v. Beck*, 649 N.E.2d 673, 676 (Ind.Ct.App.1995). The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty that properly remains with counsel for the appellee. *Id.*

■■■ To prevail on an appeal from a negative judgment, the appellant must establish that the judgment is contrary to law. *Drudge v. Brandt*, 698 N.E.2d 1245, 1249 (Ind.Ct.App.1998). A judgment is contrary to law when the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to but one conclusion, but the trial court reached a different conclusion. *Id.* In addressing whether a negative judgment is contrary to law, we consider only the evidence most favorable to the prevailing party and do not reweigh the evidence or judge the credibility of witnesses. *Id.*

### B. Analysis

#### 1. Property Tax Sales and Property Redemption

■■■ If an owner of real estate fails to pay his or her property taxes, the Auditor and Treasurer of the county in which the property is located may initiate a civil action against the property to reduce the tax liability to a judgment, and have the property sold to satisfy that judgment. The tax sale process is governed by Indiana Code sections 6–1.1–24–1 through –14, and 6–1.1–25–1 through –19. Among the various obligations the county must fulfill prior to obtaining a judgment and selling the property is to notify the property owner of the county's intent to obtain the judgment. Indiana Code section 6–1.1–24–4(a) provides that this notice must be sent to the property owner's "last known address."

Once a county obtains a judgment and order directing the sale of a tax-delinquent property, a buyer may purchase a tax sale certificate for the property by paying a bid to the county Treasurer, acquiring certain rights in the property short of title to the property itself. IND.CODE § 6–1.1–24–9. A property owner generally has one year from the date of the tax sale within which to redeem the property by paying all back property taxes, as well as certain costs, expenses and interest charges. IND.CODE §§ 6–1.1–25–1, –2 and –4.

#### 2. Mootness

■■■ "When the concrete controversy at issue in a case 'has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved,'" the case is moot and should generally be dismissed. *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind.1991) (*quoting Dunn v. State* (1904) 163 Ind. 317, 71 N.E. 890, 891). The redemption of property under the statutes effectively overturns a tax sale. If the McBains redeemed their property as they claim, there remains no tax sale to set aside, and the matter is moot.

■■■ Nevertheless, because Hamilton County has not challenged the McBains's appeal, we will consider our authority to review this matter. The courts of Indiana will review moot cases under certain limited circumstances. We may review moot cases when they present questions of "great public interest" that typically contain issues likely to recur. *Lawrance*, 579 N.E.2d at 37. We may also hear otherwise moot appeals if leaving the judgment undisturbed might lead to negative collateral consequences. *Roark v. Roark*, 551 N.E.2d 865, 867–868 (Ind.Ct.App.1990) (noting that "'it is far better to eliminate the source of a potential legal disability

cover of the Brief identifies the name and address of the attorney who represented the county in the trial court as the "Attorney for Hamilton County and The Hamilton County Auditor." The certificate of service, however, indicates that the brief was served on the County's attorney by "Hamilton County Courthouse mail." It is unclear if this manner of service satisfied Appellate Rule 12(B) or (C), regarding personal service and service by United States mail.

than to require the citizen to suffer the possibly unjustified consequence of the disability itself for an indefinite period of time.' ") (*quoting In Re Marriage of Stariha,* 509 N.E.2d 1117, 1123 (Ind.Ct.App. 1987)). In this case, each of these exceptions is implicated.

■ First, the adequacy of a county's notice of a tax sale is an important question that is likely to recur. An individual's right to own property is among the most significant interests protected by law, *see Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (explaining that due process requires adequate notice of actions affecting interests in life, liberty or property), and an individual's ability to protect that interest in the context of tax sale proceedings may depend upon the nature and adequacy of a county's notice of a tax sale. Further, given the frequency and volume of tax sale proceedings throughout the state, and the provision of notice of these proceedings by mail, it is reasonable to suspect that the issue here—whether the Auditor should have forwarded the Notice of Tax Sale to the McBains's address in Tennessee clearly listed on the returned envelope—will recur in the same or similar form. Second, to the extent that record of the tax sale of the McBains's property might impair their ability to obtain credit in the future, the McBains could be subjected to a negative collateral consequence that would be unjustified if the sale was invalid due to inadequate notice. Thus, because each of these exceptions to the non-reviewability of moot claims is implicated here, and because Hamilton County has not opposed the McBain's appeal, we address the merits of their claim.

### 3. Adequacy of Notice

■ Indiana Code section 6–1.1–24–4(a) required the Auditor of Hamilton County to send notice of the impending tax sale to the McBains at their "last known address." The Auditor's office sent its Notice of Tax Sale on August 22, 1997 to 11630 Rosemeade Drive in Carmel, Indiana, the address of the property in question. There appears to be no dispute that this was the last address the Auditor's office had for the McBains at the time the notice was mailed. The McBains, however, contend that the Auditor's office was required to forward the notice to the Cordova, Tennessee address listed on the returned envelope containing the original Notice. We agree.

■ Before taking an action that affects a person's interest in life, liberty or property, the government is obligated under the Due Process clause of the Fourteenth Amendment to provide " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Yoder v. Elkhart County Auditor,* 632 N.E.2d 369, 372 (Ind.Ct.App. 1994) (*quoting Mullane,* 339 U.S. at 314, 70 S.Ct. 652.) This notice is constitutionally adequate when the "practicalities and peculiarities of the case are reasonably met." *Id.* at 372.

In *Elizondo v. Read,* 588 N.E.2d 501 (Ind.1992), the Indiana Supreme Court addressed the extent to which a county auditor must go to determine a tax-delinquent property owner's address to provide the owner with notice of a tax sale. In *Elizondo,* the county Auditor mailed notices regarding tax sale proceedings to a tax-delinquent property owner at the owner's most recent address on file in the auditor's office. *Id.* at 502. The notices, however, were returned to the Auditor's office by the post office marked "Unclaimed" or "Undeliverable as addressed. No forwarding order on file." *Id.* A more recent address for the property owner apparently could have been discovered by searching records in the Auditor's office, and by thumbing through the local phone book, and the property owner argued that the Auditor was affirmatively obligated to find his address from one of these sources and mail notice to him at that address. *Id.* at 504. The supreme court disagreed, explaining that an Auditor has no obligation

to search through telephone directories or other documents or sources of information "not routinely maintained by and within the auditor's office" to discover the property owner's current address. *Id.* According to the supreme court,

All that is required is that the auditor send notice to the owner's last known address, that is, the last address of the owner of the specific property in question of which the auditor has knowledge from records maintained in its office.

*Id.* As for the possibility that the Auditor might have had a more recent address for the property owner in the Auditor's own records, the court noted that an Auditor is deemed to be aware of the contents of records in its office, and stated:

It is reasonable to require the auditor to search the records of his own office for other possible addresses upon the receipt of an undelivered notice.

. . .

Certainly, the auditor must ascertain from the records which he keeps and maintains any alternate addresses for the owner of the specific piece of property at issue.

*Id.* at 505. The court explained, however, that in fulfilling this obligation, an auditor would be deemed to be aware of an alternate address for a property owner found in the Auditor's records only to the extent that the source of the information affirmatively links the alternate address as that of the owner of the specific property in question. *Id.* at 504. In *Elizondo,* that meant that while the Auditor apparently had alternate listings for property owner Urbano Elizondo, the Auditor had no obligation to forward notice to those alternate listings because there was nothing save Elizondo's name to directly link the "Urbano Elizondo" identified in those listings with the "Urbano Elizondo" who owned the parcel of property in question. *Id.*

In this case, the Auditor's notice failed to meet the requirements in both *Elizondo* and *Mullane.* When the Auditor's Notice of Tax Sale was returned with the McBains's more recent Cordova, Tennessee address, the Auditor's office had what at that time became McBains's last known address, an address unquestionably linked to the McBains and to the property in question by virtue of its location on the returned envelope containing the original Notice of Tax Sale. Under *Elizondo,* an Auditor may not disregard such information, and must send notice of the tax sale proceedings to the property owner at that subsequently discovered alternate address. The Auditor's failure to re-mail the notice to the McBains at the Cordova, Tennessee address failed to meet the "practicalities and peculiarities" of this case, and deprived the McBains of notice reasonably calculated under all the circumstances to apprise them of the pendency of the tax sale and to afford them an opportunity to present their objections. As a result of this unconstitutionally inadequate notice, the subsequent tax sale was invalid, and the trial court should have granted the McBains's Petition.

Reversed.

FRIEDLANDER, J., and MATTINGLY, J., concur.