**In re the Matter of the 2001 HAMILTON COUNTY TAX SALE.**

**Leissette Lehman, Appellant–Petitioner,**

v.

**Edward Davis, Teresa Davis, Bank One NA, et al., Appellees–Respondents.**

**No. 29A05–0405–CV–258.**

Court of Appeals of Indiana.

March 10, 2005.

Brian E. Hicks, Indianapolis, IN, Attorney for Appellant.

J. Chris Reininga, J. F. Beatty, Todd H. Belanger, Daniel S. Tomson, Indianapolis, IN, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Appellant–Petitioner Leissette Lehman ("Lehman") appeals from the trial court's order setting aside a tax sale and tax deed entered on December 24, 2003. The Hamilton County Auditor and Treasurer filed an Application for Judgment and Order of Sale against several parcels of real estate for the amount of delinquent taxes, special assessments and costs due on each parcel. The trial court entered a Judgment and Order for Sale on October 10, 2001. Appellees–Respondents Edward and Teresa Davis ("the Davises") owned one of the real estate parcels sold at the Hamilton County tax sale on October 17, 2001. Lehman was the highest bidder at the tax sale auction on the parcel owned by the Davises at 129 N. Harrison Street in Cicero.

After the expiration of the redemption period following the tax sale, Lehman filed a verified petition for order directing the Hamilton County Auditor to issue a tax deed along with an affidavit and proof of notice. On January 7, 2003, the trial court entered an order directing the Hamilton County Auditor to issue a tax deed to Lehman. On February 21, 2003, the Davises filed a petition to set aside the tax sale and tax deed. Lehman filed a response to the Davises' petition on April 14, 2003.

A bench trial was held on July 14, 2003. On December 24, 2003, the trial court entered its order setting aside the tax sale and tax deed. On January 20, 2004, Lehman filed her motion to correct error. On January 22, 2004, the Davises filed their motion to correct error. On March 11, 2004, a hearing was held on the cross motions to correct error, and the matter was taken under advisement. On April 8, 2004, the trial court issued its order. This appeal followed.

The Davises requested that the trial court enter findings of fact and conclusions of law. The trial court entered the findings of fact and conclusions of law in the December 24, 2003 order. Because the trial court made special findings of fact and conclusions of law, we first determine whether the evidence supports the findings; we then determine whether the findings support the judgment. *See King v. Wiley*, 785 N.E.2d 1102, 1109 (Ind.Ct.App. 2003). The judgment of the trial court will be affirmed if we conclude that the findings support the judgment and are not clearly erroneous. *Id.* Special findings are clearly erroneous if the record contains no facts or inferences supporting them. *Id.* A judgment is clearly erroneous where our

review of the record leaves us with a firm conviction that a mistake has been made, such as where the evidence is without conflict and points unerringly to a different conclusion. *Id.* Our scope of review allows us to determine whether the law was correctly applied to the facts. *Id.*

■ The Davises claim that the trial court correctly found that Lehman failed to comply with Ind.Code § 6–1.1–25–4.6 by mailing notice to them as the property owners to an address other than the last address listed in the records of the county auditor. Lehman contends that the trial court erred by setting aside the tax sale because she substantially complied with the notice requirements of Ind.Code § 6–1.1–25–4.6. More specifically, the trial court found as follows:

> 10. The service of Lehman's October 25, 2002 Notice of Filing Petition for Tax Deed did not comply with the requirements of IC 6–1.1–25–4.6. The notice was sent to 4391 W 216th Street, Sheridan, Indiana which is not the address of "the owner of record at the time of the sale at the last address for the owner for the property sold as indicated on the records of the county auditor."

Appellant's App. p. 19.

In *Tax Certificate Invs., Inc. v. Smethers,* 714 N.E.2d 131 (Ind.1999), our supreme court set forth the procedure for redemption of and tax deeds for real property sold for delinquent taxes and special assessments. Omitting the internal citations, that procedure is as follows:

> A purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. A one-year redemption period ensues. If the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. The property owner and any person with a "substantial property interest of public record" must each be given two notices.
>
> The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed petition will be filed. The second notice announces that the purchaser has petitioned for a tax deed.

714 N.E.2d at 133.

Ind.Code § 6–1.1–25–16 provides that a person "may, upon appeal, defeat the title conveyed by a tax deed executed under section 4 of this chapter only if ... (7) the notices required by IC 6–1.1–24–2, IC 6–1.1–24–4, and sections 4.5 and 4.6 of this chapter were not in substantial compliance with the manner prescribed in those sections." The only notice at issue here is the notice required by Ind.Code § 6–1.1–25–4.6 to the property owners.

Ind.Code § 6–1.1–25–4.6 provides in relevant part as follows:

> (a) After the expiration of the redemption period specified in section 4 of this chapter but not later than six (6) months after the expiration of the period of redemption: (1) the purchaser ... may; file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter, except that, if notice is given by publication, only one (1) publication is required. The notice required by this section is considered sufficient if the notice is sent to the address required by section 4.5(e) of this chapter
> ...

Ind.Code § 6–1.1–25–4.5(e) provides in relevant part as follows:

The person required to give the notice under subsection (a), (b), or (c) shall give the notice by sending a copy of the notice by certified mail to: (1) the owner of record at the time of the: (A) sale of the property; at the last address of the owner for the property, as indicated in the records of the county auditor ...

The record reflects that Lehman's attorney mailed the 4.6 notice to an address other than the last known address for the property owner as reflected by the county auditor's records. More specifically, Lehman's attorney mailed the 4.6 notice to the Davises at their former address in Sheridan, Indiana, instead of to their address in Cicero. The trial court correctly determined that this did not comply with the statutory requirement for notice. Sending notice to the Davises at the address of record in Cicero was the statutory requirement. Therefore, the trial court correctly issued an order setting aside the tax sale and tax deed.

■ However, the trial court also concluded in the order that the tax sale should be set aside due to the lack of actual notice to the landowners, the Davises. Appellant's App. p. 20. Actual notice is not required by statute. See Ind.Code § 6–1.1–25–4.5(e).

In addition, the trial court found that the tax sale should be set aside because Lehman failed to send a copy of the verified petition asking the court to issue a tax deed, along with the 4.6 notice. Appellant's App. p. 19. Ind.Code § 6–1.1–25–4.6 requires that notice of the filing of a verified petition be given to the parties. The statute does not require that the purchaser send a copy of the verified petition to the landowners.

Because the trial court's finding that the service of Lehman's October 25, 2002 Notice of Filing Petition for Tax Deed did not comply with the requirements of Ind.Code § 6–1.1–25–4.6 is supported by the evidence, and the finding supports the judgment, the trial court's order setting aside the tax sale is affirmed.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.