**DIVERSIFIED INVESTMENTS, LLC, Appellant–Defendant**

v.

**U.S. BANK, NA, et al., Appellees– Plaintiffs.**

No. 02A05–0503–CV–121.

Court of Appeals of Indiana.

Dec. 7, 2005.

Sean M. Clapp, Sean M. Clapp, LLC, Fishers, for Appellant.

Robert E. Kabisch, Andrew S. Williams, Hunt Suedhoff Kalamaros, LLP, Fort Wayne, for Appellee.

**OPINION**

ROBB, Judge.

Diversified Investments, L.L.C., ("Diversified") appeals from the trial court's

denial of its motion for summary judgment simultaneous with a granted motion for relief from judgment in favor of U.S. Bank, N.A., et al. ("U.S.Bank"). We reverse.

### Issue

Diversified raises one issue for our review, which we restate as whether the trial court properly denied its motion for summary judgment to quiet title in a tax deed, and voided the deed, where the Allen County Auditor ("Auditor") complied with statutory steps necessary to issue the deed.

### Facts and Procedural History

On December 27, 1990, Randy and Kathleen Humbert executed and delivered to Trustcorp Mortgage Company a promissory note and mortgage for property located at 5320 Johnie Drive, Fort Wayne, Indiana, which was recorded in the Allen County Recorder's Office. The mortgage was assigned to Lincoln Service Corporation ("Lincoln") on February 13, 1991, which was also recorded in Allen County. The assignment listed Lincoln's address as 1100 Walnut Street, Owensboro, Kentucky 40302. In June and July of 1993, Lincoln changed its name to Lincoln Service Mortgage Corporation and moved to 4801 Frederica Street, Owensboro, Kentucky 42301. Neither the Allen County Recorder nor Auditor was notified of these changes. Between January 1995 and August 2001, a series of mergers resulted in Lincoln becoming U.S. Bank, which continued business at the Frederica Street location. No notification of the name changes subsequent to the mergers was provided to the Allen County Recorder or Auditor.

On September 18, 2002, the Humberts' property was sold at a tax sale due to delinquent real estate taxes and assessments. The tax sale certificate was pur-chased by an entity that subsequently assigned it to Diversified. U.S. Bank initiated foreclosure proceedings on November 21, 2002, after obtaining a title examination revealing no outstanding tax liens or assessments on the property. An in rem default judgment and decree of foreclosure was entered in favor of U.S. Bank on March 13, 2003.

The Auditor sent notice of the 2002 tax sale ("4.5 notice"), as required by statute, on May 28, 2003, to Mrs. Humbert, as well as to the defunct Lincoln and other parties with substantial interest in the property by certified mail, return receipt requested. The notice to Lincoln was sent to 1100 Walnut Street because it was the address listed in the Auditor's record indicating the interest, the 1991 assignment to Lincoln. The Auditor received the signed return receipt card, which showed the Walnut Street address crossed through and the Frederica Street address handwritten above it. After the yearlong redemption period, on October 7, 2003, the Auditor sent Mrs. Humbert and Lincoln a notice of petition for tax deed ("4.6 notice"). This second notice was also sent to Lincoln using the Walnut Street address. It was again delivered, and the Auditor received the return receipt card, signed by an unknown person and without indication of an alternative mailing address.

On November 20, 2003, after petitioning for and receiving an order to issue a tax deed from the Allen County Circuit Court, the Auditor issued a tax title deed for the property to Diversified, recorded with the Allen County Recorder. Diversified initiated an action to quiet title in the property, and a summons was issued to U.S. Bank at the Frederica Street address on March 5, 2004. U.S. Bank appeared in the case on March 30, 2004, and then filed an intervening answer, crossclaim, and counterclaim. U.S. Bank asserted that Diversi-

fied's tax deed was void because U.S. Bank had not received the tax sale and tax deed petition notices.

Diversified's action to quiet title was consolidated into U.S. Bank's foreclosure case. The foreclosure case was thereafter consolidated into the tax sale case after U.S. Bank filed a motion to set aside the judgment ordering the Auditor to issue the tax deed to Diversified. U.S. Bank and Diversified also filed cross-motions for summary judgment. After reviewing the parties' briefs and hearing oral arguments, the trial court issued findings of fact and conclusions of law. It found that there were no issues of material fact and denied Diversified's motion for summary judgment, implicitly granting U.S. Bank's cross-motion for summary judgment, and voiding Diversified's tax deed by granting U.S. Bank's motion for relief from judgment. Diversified now appeals denial of its motion for summary judgment.

*Discussion and Decision*

I. Standard of Review

On appeal from summary judgment, we face the same issues that were before the trial court and follow the same process. *Reeder Assocs. II v. Chicago Belle, Ltd.,* 778 N.E.2d 828, 831 (Ind.Ct.App.2002), *trans. denied.* Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The party appealing a denial of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Schaefer v. Kumar,* 804 N.E.2d 184, 191 (Ind.Ct.App.2004), *trans. denied.* "If, as here, there is no dispute as to the facts, this is a proper case for summary judgment, and our standard of review is de novo[,]" in which the pleadings and designated materials are viewed in the light most favorable to the nonmovant. *Reeder,* 778 N.E.2d at 831.

█ In the summary judgment context we are not bound by the trial court's specific findings and conclusions, which merely aid our review by providing a statement of reasons for the trial court's actions. *Bd. of Comm'rs of LaPorte County v. Town & Country Utils., Inc.,* 791 N.E.2d 249, 252 (Ind.Ct.App.2003), *trans. denied.* "The fact that the parties [made] cross-motions for summary judgment does not alter our standard of review. Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Indiana Farmers Mut. Ins. Group v. Blaskie,* 727 N.E.2d 13, 15 (Ind.Ct.App.2000).

II. Sufficiency of Notice

Diversified argues that the Auditor satisfied due process requirements when the official complied with the requirements of Indiana law in order to issue a valid tax deed, including adequate notice to Lincoln as U.S. Bank's predecessor-in-interest. U.S. Bank contends that after the Auditor received the 4.5 notice's return receipt postcard, with the handwritten Frederica Street address, the Auditor was required to send 4.6 notice to that alternative address to effectuate notice reasonably calculated to apprise U.S. Bank of the petition for the tax deed. The question we face, then, is whether the alternative address written on a return receipt postcard by an unknown party is sufficient to supply inquiry notice of a change of address to the Auditor, or whether a party with a substantial interest in property has an obligation to update the Auditor's official record of address.

A. Constitutional and Statutory Requirements

█ "An elementary and fundamental requirement of due process in any pro-

ceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected ...." *Id.* at 315, 70 S.Ct. 652. The constitutional requirements are satisfied if these conditions are reasonably met with "due regard for the practicalities and peculiarities of the case." *Id.* at 314–15, 70 S.Ct. 652.

■■■ "[A] mortgagee possesses a substantial property interest that is significantly affected by a tax sale[,]" and is therefore "entitled to notice reasonably calculated to apprise him of a pending tax sale." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (discussing notice requirements for tax sales under Indiana law). To this end, "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the ... property interests of any party, ... if its name and address are reasonably ascertainable." *Id.* at 800, 103 S.Ct. 2706 (emphasis omitted).

Indiana's procedure for issuance of a tax deed following a tax sale has been implemented by statute, and was summarized by our supreme court in *Tax Certificate Investments, Inc. v. Smethers*, 714 N.E.2d 131 (Ind.1999), as follows:

A purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. A one-year redemption period ensues. If the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. The property owner and any person with a "substantial property interest of public record" must each be given two notices.

The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed petition will be filed. The second notice announces that the purchaser has petitioned for a tax deed.

*Id.* at 133 (citations omitted). Indiana Code section 6–1.1–25–4.5 entitles a purchaser to a tax deed only where proper notice is given. It states in relevant part:

(a) [A] purchaser[,] the purchaser's assignee[,] or a county is entitled to a tax deed to the property that was sold only if:

\*    \*    \*    \*    \*    \*

(3) not later than nine (9) months after the date of the sale:

\*    \*    \*    \*    \*    \*

(B) in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor;

gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or real property.

(b) The purchaser or assignee or, in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor shall give the notice required by subsection (a), *by sending a copy of the notice by certified mail* to:

\*    \*    \*    \*    \*    \*

(2) any person with a substantial property interest of public record *at the address for the person included in the public record that indicates the interest.* However, if the address of the person with a substantial property interest of public record is not indicated in the public record that created the interest and cannot be located by ordinary means by the purchaser or assignee or, in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor may give notice by publication in accordance with IC 5–3–1–4 once each week for three (3) consecutive weeks.

\*    \*    \*    \*    \*    \*

(f) *The notice required by this section is considered sufficient if the notice is mailed to the address required under subsection (b).*

Ind.Code § 6–1.1–25–4.5 (emphasis added).[1] Notice of filing a petition for issuance of a tax deed is required by Indiana Code section 6–1.1–25–4.6. It states in relevant part:

(a) After the expiration of the redemption period specified in section 4 of this chapter but not later than six (6) months after the expiration of the period of redemption:

(1) the purchaser, the purchaser's assignee, the county, or the purchaser of the certificate of sale under IC 6–1.1–24 may; or

(2) in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor shall, upon the request of the purchaser or the purchaser's assignee;

file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. *Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter,* except that, if notice is given by publication, only one (1) publication is required. *The notice required by this section is considered sufficient if the notice is sent to the address required by section 4.5[ (b) ] of this chapter.*

Ind.Code § 6–1.1–25–4.6 (emphasis added).[2]

In sum, Indiana's twin notice requirements regarding tax deeds are reasonably calculated to provide notice to one with a substantial property interest through certified mail to one's reasonably ascertainable address as listed in the public record that indicates or creates the interest. The requirements are concomitant to the State's general goal of establishing "a procedure of notification that balance[s] both the interests of the State and the interests of . . . mortgagees." *Elizondo v. Read,* 588 N.E.2d 501, 503 (Ind.1992).[3]

**1.** Because the Auditor submitted 4.5 notice on May 28, 2003, we apply the statute as written prior to its amendment, effective July 1, 2003. *See* Pub.L. No. 170–2003, § 11.

**2.** The notice required under this section was issued by the Auditor on October 7, 2003, following its amendment, effective July 1, 2003, which substituted "4.5(d)" for "4.5(b)." *See* Pub.L. No. 170–2003, § 12.

**3.** U.S. Bank correctly points out that *Elizondo* concerned repealed Indiana Code section 6–1.1–24–4.2, which required a mortgagee to file a form with the county auditor to insure notice. Brief of Appellee at 15. Although this particular procedure is not presently at issue, our supreme court's analysis of the constitutional validity of tax sale and deed notices provided by a county auditor is relevant, especially in light of factual similarities between *Elizondo* and the case at bar.

### B. Compliance with Due Process

The parties agree that notice need not have been received by U.S. Bank in order to be sufficient. Br. of Appellee at 14–15. *See* Ind.Code § 6–1.1–25–4.5(f) (requiring only that notice be mailed, not received). The dispute instead concerns whether the Auditor's act of mailing the notices to the address in the record indicating the interest substantially complied with the requirements of due process. In fact, the statutes central to this case impose the minimum requirements necessary to satisfy due process concerns. An order to issue a tax deed will only be given if a court finds that notice has been provided pursuant to the statutes. Ind.Code § 6–1.1–25–4.6(b)(4). Thus, issuance of a tax deed creates a presumption that a tax sale and all of the steps leading up to the issuance of the tax deed are proper, although this presumption may be rebutted by affirmative evidence to the contrary. *Schaefer*, 804 N.E.2d at 191. For instance, title conveyed by a tax deed may be defeated if the required notices were not in substantial compliance with prescribed requirements. *Id. See also Porter v. Bankers Trust Co. of Cal., N.A.*, 773 N.E.2d 901, 908 (Ind.Ct.App.2002) (holding tax sale purchaser did not substantially comply with statutory notice requirements where purchaser wholly failed to send notice of petition seeking orders of tax deeds to mortgagees, even if mortgagees had actual notice of tax sales).

Here, the Auditor mailed the prescribed notices to the Walnut Street address. In doing so, the Auditor complied with an unambiguous statutory mandate to send notice by certified mail to a person with a substantial interest at the address included in the public record that indicates the interest. Ind.Code § 6–1.1–25–4.5(b)(2). The Auditor used the address for U.S. Bank's predecessor-in-interest, Lincoln, because the document in the Auditor's records indicating the interest, the 1991 assignment of the mortgage to Lincoln, listed the Walnut Street address. Even though Lincoln and its successors had ceased operations at that location years earlier, the Auditor was entitled to rely on this address. *Combs v. Tolle*, 816 N.E.2d 432, 437 (Ind.Ct.App.2004) (indicating compliance with statutory notice requirements because purchasers were entitled to rely on address in auditor's records where owner did not provide auditor with an updated address). The Allen County Circuit Court found these notices adequate for issuance of the tax deed.

The Auditor's duty to inform interested parties of tax deed proceedings is confined to the records maintained in the auditor's office. *Elizondo*, 588 N.E.2d at 504; *Shenvar v. Johnson*, 741 N.E.2d 1275, 1284 n. 14 (Ind.Ct.App.2001), *trans. denied.* Only when the record indicating the interest does not include an address is the Auditor required to utilize "ordinary means" to locate the address of a person with a substantial property interest. Ind. Code § 6–1.1–25–4.5(b)(2). Because the assignment to Lincoln included the Walnut Street address, the Auditor was not under an obligation to search out U.S. Bank's address. Moreover, we recently held that sending notice of a tax deed petition using an address different than the one in the Auditor's record does not comply with the statutory notice requirement. *In re 2001 Hamilton County Tax Sale*, 823 N.E.2d 745, 748 (Ind.Ct.App.2005); *see also Reeder*, 778 N.E.2d at 835 ("Although a county auditor may go beyond the minimum requirements of due process and engage in a search of outside records, it may not do so in lieu of a search of its own records.").

U.S. Bank challenges the statutory notice procedures of Indiana Code sections 6–1.1–25–4.5 and –4.6 as constitutionally

insufficient for the circumstances. In order to assert that the notice provided by the Auditor was unconstitutionally defective, U.S. Bank relies in part on *McBain v. Hamilton County*, 744 N.E.2d 984 (Ind.Ct. App.2001), contending "the Auditor was on notice of an irregularity in its records" that created a duty to investigate further or send notice to the alternative address. Br. of Appellee at 15. In *McBain*, the Hamilton County Auditor sent a tax sale notice to the property owner's address as listed in the auditor's records. The entire notice, still in its envelope, was returned to the auditor with a more recent mailing address, but the auditor did not forward the notice. We held that "an Auditor may not disregard such information, and must send notice ... to the property owner at that subsequently discovered alternate address." *Id.* at 989.

A similar situation occurred in *Reeder*, also relied upon by U.S. Bank. In that case, the auditor failed to include a portion of the property owner's address as listed in the auditor's record, relying instead on outside documents to supply the mailing address to which notices of tax sale proceedings were sent. These notices were returned to the auditor as undeliverable. Relying on our decision in *McBain*, we held that "[t]he county auditor is deemed to be aware of the contents of the records maintained in its office[,]" and therefore should have been cognizant of the discrepancy in the mailing address it used. *Reeder*, 778 N.E.2d at 834–35.

■ We do not disagree that when notices mailed by a county auditor are returned in their entirety as undeliverable, with an alternative address indicated on the envelope, or where notices are returned as undeliverable due to an address discrepancy of which the auditor is deemed aware, it is incumbent upon the auditor to take further action to effectuate notice reasonably calculated to apprise an interested party of tax sale proceedings. However, both *McBain* and *Reeder* are distinguishable from the undisputed facts of the current case, which are that neither the 4.5 nor the 4.6 notice mailed to the Walnut Street address was returned to the Auditor. Indeed, the Auditor went beyond statutory requirements by requesting a return receipt for each notice, which is supplemental to sending the notice by certified mail.[4] *In re Sale of Real Property with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1074 n. 6 (Ind.Ct. App.2005), *trans. denied.* When the Auditor received the return receipt postcards, the reasonable inferences were that "the post office delivered [each notice] to the proper address" and "properly obtained a signature ... on the certified mail return receipt." *Ind. Fed. Sav. and Loan Ass'n v. Breitinger*, 551 N.E.2d 1172, 1174–75 (Ind.Ct.App.1990). Therefore, it was reasonable for the Auditor to believe the 4.5 and 4.6 notices were properly delivered when they were not returned. Furthermore, the two return receipt postcards supported this inference when they were returned with signatures. To the extent that the Auditor was aware of the handwritten address on the 4.5 notice's return receipt, it was at best a mixed message: notice was mailed, delivered, and received at the Walnut Street address, but a possible alternative address existed. Belief of adequate mailing to the Walnut Street address was also reasonable because the 4.6

4. Requesting a return receipt augments the assurance of certified mail. *See* USPS—Return Receipt at http://www.usps.com/send/way stosendmail/extra-services/returnreceiptservice.htm (last visited Oct. 17, 2005) ("Return Receipt service is commonly purchased with Certified Mail to get both proof of mailing and proof of delivery.").

notice was not returned, and delivery was assured by the return receipt postcard, signed without amendment to the address.

In light of the presumed proper mailing, delivery, and acceptance of the notices, the Auditor was under no obligation of further inquiry or action concerning the handwritten notation of the Frederica Street address. This clearly differs from the scenarios in *McBain* and *Reeder*.[5] Thus, with regard for the "practicalities and peculiarities" of the present facts, we cannot say the Auditor failed to meet constitutional due process requirements by giving notice in a fashion not reasonably calculated to apprise U.S. Bank's predecessor-in-interest of the pending tax sale proceedings. *Mullane*, 339 U.S. at 314, 70 S.Ct. 652.

We also note that Lincoln and its successors failed to update the name and mailing address in the Auditor's record indicating the interest, despite having ten years, U.S. Bank alone having over two years, to do so. U.S. Bank argues that its failure to notify the Auditor of a change in name and address does not excuse the obligation to provide notice comporting with due process. Br. of Appellee at 17. Although this is true, U.S. Bank's failure does impact the Auditor's ability to provide the notice U.S. Bank demands. As our supreme court has explained:

> The U.S. Supreme Court's line of opinions addressing the issue of notice has never disregarded a party's ability to take steps to protect itself. Rather, the Court has considered the interest-hold-

er's ability to take reasonable steps to protect his interest as a crucial aspect of the balancing test [between the state and individual's interests].

*Elizondo*, 588 N.E.2d at 504. "Indiana caselaw has for some time held the property owner accountable for ensuring that official property records reflect a correct address."[6] *Tax Certificate Invs.*, 714 N.E.2d at 134; *accord Combs* 816 N.E.2d at 437; *Shenvar*, 741 N.E.2d at 1282–83. We believe a mortgagee has a similar obligation for purposes of notice with regard to an interest in real property as indicated in the Auditor's records. Had U.S. Bank ensured that the Auditor's record reflected its correct address, the issue of proper notice would have been avoided. The fact that U.S. Bank chose not to protect its interest by updating the official record is not sufficient grounds to argue deprivation of due process because the Auditor did not go beyond prescribed statutory bounds. *See Elizondo*, 588 N.E.2d at 504.

### C. Motion for Relief from Tax Deed Order

Under Indiana Code section 6–1.1–25–4.6(h), "[a] tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order." The issuance of a tax deed can be appealed under this statute by either an independent action or a Trial Rule 60(B) motion in the same trial court that issued the original tax deed. *B*

---

5. In *McBain* and *Reeder,* we also held that where notices were returned to the auditor, the auditor's obligation to forward the notice to an alternate address was premised on the fact that the address was unquestionably or affirmatively linked to the party and property in question. *Reeder,* 778 N.E.2d at 834; *McBain,* 744 N.E.2d at 989. We need not reach that issue here with regard to the hand-

written address on the return receipt postcard because the 4.5 and 4.6 notices were not returned to the Auditor.

6. Also, Indiana Code section 6–1.1–24–4(a) states that "[t]he owner of real property shall notify the county auditor of the owner's correct address" so that notice may be given of an impending tax sale.

*P Amoco Corp. v. Szymanski,* 808 N.E.2d 683, 690 (Ind.Ct.App.2004), *trans. denied.* "[B]oth remedies are subject to the same sixty-day time frame as stipulated in the [statute]." An exception exists where a motion for relief from judgment alleges a tax deed is void due to constitutionally inadequate notice, in which case an appeal must be brought within a reasonable time rather than within sixty days. *Schaefer,* 804 N.E.2d at 192.

U.S. Bank's motion, predicated upon insufficient notice, was thus procedurally sound. Even so, U.S. Bank went no further in establishing its contemporaneous motions for summary judgment and relief from judgment than to state that the tax deed was void due to insufficient notice. Appellant's Appendix at 106–13. As discussed above, we do not find the substance of U.S. Bank's notice argument persuasive, and therefore the trial court's explicitly granted relief from the tax deed order and implicitly granted motion for summary judgment favoring U.S. Bank must be reversed.

### Conclusion

With regard to the practicalities and peculiarities of this case, the Auditor gave notice reasonably calculated to apprise the party indicated in its records as having a substantial interest in the property, at the address in the public record creating or indicating that interest. Because the tax deed notices were not returned to the Auditor as undeliverable, return receipt postcards confirmed delivery of both notices, and neither U.S. Bank nor its predecessors-in-interest ensured the Auditor's record reflected correct address information, the notice provided by the Auditor complied with the statutory requirements of Indiana law as well as constitutional considerations of due process. Therefore, we reverse the trial court's denial of Diversi-fied's summary judgment motion and its grant of relief from the tax deed order in favor of U.S. Bank. We remand for reinstatement of the tax deed, and a grant of summary judgment quieting title for Diversified.

Reversed and remanded.

KIRSCH, C.J. concurs.

MAY, J. dissents with opinion.

MAY, Judge, dissenting.

The majority characterizes the question before us as "whether the alternative address written on a return receipt postcard by an unknown party is sufficient to supply inquiry notice of a change of address to the Auditor . . . ." (Op. at 539–40). Unlike the majority, I would answer that question in the affirmative. I accordingly dissent.

Specifically, I respectfully disagree with the majority's decision to the extent it suggests, for tax sale notification purposes, an auditor is obliged to take into account a new address indicated on returned mail but is not similarly obliged to take into account a new address indicated on a return receipt card. I do not believe our prior decisions, particularly *McBain,* permit that distinction.

In 1995, the McBains purchased real estate in Carmel, Indiana, then during the first half of 1996, they moved to Tennessee. They became delinquent on their property taxes for the Carmel property and the county auditor sent them a Notice of Tax Sale. The auditor sent the notice by certified mail to the Carmel address, and it was returned by the post office with a notation indicating an order to forward the McBains' mail to their new Tennessee address had expired. The auditor did not send notice to the Tennessee address, believing its obligation to notify the McBains

of the anticipated tax sale had been discharged.

We disagreed, holding the auditor's notice did not meet the *Mullane* or *Elizondo* requirements. When the auditor's notice was returned with a more recent Tennessee address, that address became the McBains' "last known address." 744 N.E.2d at 989. It was unquestionably linked to the McBains and to the property in question by virtue of its location on the returned envelope containing the original notice. *Id.* We held "Under *Elizondo,* an Auditor may not disregard such information, and must send notice of the tax sale proceedings to the property owner at that subsequently discovered alternate address." *Id.* By declining to re-mail the notice to the Tennessee address, the auditor deprived the McBains of notice "reasonably calculated under all the circumstances to apprise them of the pendency of the tax sale" and to afford them an opportunity to present their objections. *Id.*

Similarly, in the case before us the Auditor had an alternative address she was obliged to use because, under the *McBain* standard, it was U.S. Bank's "last known address." As we stated in *McBain,* "an Auditor may not disregard such [new address] information[.]" *Id.* at 989.

In addition, in *Reeder Associates II v. Chicago Belle, Ltd.,* 778 N.E.2d 828, 834 (Ind.Ct.App.2002), *trans. denied* 792 N.E.2d 42 (Ind.2003), an auditor relied on a title report for a name and address rather than referring to its own files, which contained the proper name and address. We held that "[t]he county auditor is deemed to be aware of the contents of the records maintained in its office." *Id.* Here, the proper address was contained in the auditor's files.

I am aware that Lincoln and its successors failed to update the name and address in the auditor's files. However, based on *McBain* and *Reeder,* I believe the auditor's failure to review its files requires an affirmance of the trial court's ruling.