## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 06 2015, 6:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ronald K. Smith
Muncie, Indiana

APPELLEE PRO SE

Michael Blair
Eaton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert H. Gentry, III, <br> *Appellant-Respondent,* <br><br> v. <br><br> Michael Blair, <br> *Appellee-Petitioner.* | November 6, 2015 <br><br> Court of Appeals Case No. <br> 18A05-1504-MI-147 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Thomas A. Cannon, Jr., Judge <br><br> Trial Court Cause No. <br> 18C05-1309-MI-96 |

**Najam, Judge.**

## Statement of the Case

[1] Robert H. Gentry III appeals the trial court's order, following a hearing, overruling Gentry's objection to the issuance of a tax deed for the property at 300 N. Meridian, Eaton, Indiana 47338 ("the property") on which Gentry and

John Bales owed delinquent taxes. Gentry raises two issues on appeal, which we restate as follows:

1. Whether the trial court erred in holding that Michael Blaire gave Gentry sufficient notice of the sale of the property as required by state law and due process; and

2. Whether Gentry timely redeemed the property in good faith reliance on one of the deadlines contained in the Notice of Tax Sale.

We affirm.

## Facts and Procedural History

When they bought the property, Gentry owned seventy-five percent of it, and Bales owned the other twenty-five percent. At some point, Gentry and Bales became delinquent on their property taxes and/or special assessments for the property. In a Notice of Tax Sale dated July 18, 2013, the Auditor of Delaware County informed Gentry and Bales, pursuant to Indiana Code Section 6-1.1-24-4, that the auditor would apply on or after September 13, 2013, for a court judgment and order to sell the property, subject to the right of redemption, due to the delinquent taxes. The Notice was addressed to Gentry and Bales at "P.O. Box 445, Eaton, Indiana 47338-0445" ("the P.O. Box") and was sent by certified mail. Appellant's App. at 41. The Notice informed Gentry and Bales that "[t]he period of redemption will expire on Wednesday, October 1, 2014[,] for property sold on this sale," and "[t]he period of redemption for a property not sold on this sale will expire on: Wednesday, January 29, 2014[,] if the

county intends to pursue title to the parcel. The terms of redemption are specified in IC 6-1.1-25-4." *Id.* The notice was mailed to the correct address according to the Delaware County Auditor's records for the property at the time the notice was sent. However, at the end of July or August 2014, Gentry changed his mailing address with the post office to have all mail forwarded from the property to an address in Florida.

[4] On September 26, 2013, the Delaware County auditor and treasurer received a court judgment and order of sale for the property. At a tax sale held on October 1, 2013, the Delaware County Commissioners bought the property and received a Tax Sale Certificate from the county auditor, pursuant to Indiana Code Section 6-1.1-24-9. The certificate stated that Delaware County would be entitled to the deed for the property unless it was redeemed by January 29, 2014, i.e., 120 days from the date of the tax sale.

[5] On April 14, 2014, the Delaware County Commissioners assigned the property to Michael Blaire, pursuant to Indiana Code Section 6-1.1-24-6.1 and 6.4, for $200. In a document entitled "Notice of Sale and Date of Expiration of Period of Redemption," dated June 20, 2014, Blaire provided Gentry and Bales with notice that the property had been assigned to Blaire and that he would file a petition for a tax deed to the property on or after August 12, 2014, unless the property was redeemed by that date, i.e., 120 days from the date of the assignment. The notice was sent by certified mail to Gentry and Bales at the P.O. Box. A copy of the notice was also posted on the property itself at around the same time the notice was mailed.

[6] On August 18, 2014, Blaire filed his verified petition for the issuance of a tax deed for the property. On the same date, he sent Gentry and Bales, by certified mail, a document entitled "Notice of filing Petition for Tax Deed." *Id.* at 15. The notice informed Gentry and Bales that the petition for the tax deed was filed on August 18, 2014, and that they had no later than thirty days after the filing of that petition to object to it. The notice was mailed to Gentry and Bales at the P.O. Box. The notice was also mailed to Gentry at his address in Florida, i.e., "5750 Oak Hollow Ln., Oviedo, FL 32765." *Id.* at 16.

[7] On September 15, 2014, Blaire filed his Affidavit and Proof of Notice in which he informed the trial court that he had sent Gentry and Bales a notice of tax sale and right of redemption on June 20, 2014, to their last known address of record, in compliance with Indiana Code Section 6-1.1-25-4.5 ("the Section 4.5 notice"), and a notice of filing of petition for tax deed on August 18, 2014, to their last known addresses of record, in compliance with Indiana Code 6-1.1-25-4.6 ("the Section 4.6 notice"). Blaire attached to the Affidavit and Proof of Notice post-marked and certified mail receipts showing that the Section 4.5 notice was mailed to Gentry and Bales at the P.O. Box, and the Section 4.6 notice was mailed to Gentry at both the P.O. Box and his address in Florida.

[8] On September 17, 2014, Gentry filed his timely Objection to Issuance of Tax Deed, in which he alleged that Blaire was ineligible to purchase the property and that "[p]roper notice [had] not been given to the parties concerning the tax sale or the issuance of a tax deed." *Id.* at 18. The trial court held a hearing on December 4, 2014, at which both parties testified and presented other evidence.

In particular, Gentry testified that he did see both the Notice of Tax Sale dated July 18, 2013, and the Tax Sale Certificate dated October 2, 2013. Gentry also testified that Bales had agreed to check the P.O. Box periodically and forward any mail to Gentry at his address in Florida. Bales had complied with that agreement until sometime around August 2013, at which point Bales stopped checking the P.O. Box for mail because Gentry had stopped paying Bales. Bales testified that he was aware throughout the tax sale process that the property was being sold and that Blaire might buy it. But Gentry testified that Bales did not tell him the property was in the process of being sold and Gentry did not learn that the property was sold until he tried to pay the delinquent taxes in September 2014.

[9] On January 23, 2015, the trial court issued findings and conclusions in its order overruling Gentry's objection to the issuance of the tax deed, and on February 4, 2015, the court issued an order directing the auditor of Delaware County to issue the tax deed to Blaire. Gentry filed a motion to correct error, which the court denied. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

[10] Gentry alleges the trial court erred in overruling his objection and ordering that the tax sale deed be issued to Blaire. When a trial court enters findings and conclusions, as the court here did,

[we] first determine whether the evidence supports the findings and then whether the findings support the judgment. *Marion Cnty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 216 (Ind. 2012). We will not set aside the findings or judgment unless clearly erroneous. *Id.* In reviewing the findings we neither reweigh the evidence nor reassess the credibility of the witnesses. *Id.* The evidence is viewed in the light most favorable to the judgment, and we will defer to the trial court's factual findings if they are supported by the evidence and any legitimate inferences therefrom. *Id.* at 216-17. Legal conclusions are reviewed de novo. *Id.* at 217. A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.*

*2011 Marion County Tax Sale v. Marion County Auditor*, 14 N.E.3d 883, 890 (Ind. Ct. App. 2014).

### Issue One: Notice Required by State Law and Due Process

[11]    Gentry claims he did not get the notices of the tax sale that are required by state law and due process. Indiana statutes make clear the process required for tax sales of real property with delinquent taxes.

> If an owner of real estate fails to pay the property taxes, the property may be sold to satisfy the tax obligation. The tax sale process is a purely statutory creation and requires material compliance with each step of the governing statutes, Ind. Code §§ 6-1.1-24-1 through -14 (sale) and 6-1.1-25-1 through -19 (redemption and tax deeds). *Reeder Associates II [v, Chicago Belle, Ltd.*], 778 N.E.2d [828,] 831 [Ind. Ct. App. 2002), *trans. denied*]. The issuance of a tax deed creates a presumption that a tax sale and all of the steps leading up to the issuance of the tax deed are proper. However, this presumption may be rebutted by affirmative evidence to the contrary. *Id.* Title conveyed by a tax deed may be defeated if the three notices required by Ind. Code

§§ 6-1.1-24-4 (notice of tax sale), 6-1.1-25-4.5 (notice of the right of redemption), and 6-1.1-25-4.6 (notice of petition for tax deed) were not in substantial compliance with the requirements prescribed in those sections. *Id.*; Ind. Code § 6-1.1-25-16(7).

*Schaefer v. Kumar*, 804 N.E.2d 184, 191 (Ind. Ct. App. 2004), *trans. denied.* The three required notices must be sent by certified mail to the last known address contained in the county auditor's records. I.C. § 6-1.1-24-4; -25-4.5(c), (d), (h); -25-4.6 (2013 & 2014).[1] Notices sent in such a manner are "considered sufficient" under Indiana Code Sections 6-1.1-25-4.5(h) and 6-1.1-25-4.6. State law also requires that the owner of the real property at issue "shall notify the county auditor of the owner's correct address." I.C. § 6-1.1-24-4(a).

[12]   Neither Indiana statutes nor due process requires that the owner of the property *actually* receives notice, so long as the notice is sent in compliance with Indiana's statutory scheme for tax sales. *See Jones v. Flowers*, 547 U.S. 220, 226 (2006); *2011 Marion County Tax Sale*, 14 N.E.3d at 890. Thus, a certified mail

---

[1] Indiana Code Section 6-1.1-24-4 (2013) provides in relevant part that "the county auditor shall send a notice of the sale by certified mail, return receipt requested, to . . . at least one of the owners . . . at the last address of the owner for the property indicated in the records of the county auditor . . . ."

Indiana Code Section 6-1.1-25-4.5(c) (2013) provides in relevant part that a purchaser of a certificate of sale must, "not later than ninety (90) days after the date of sale[,] . . . give[] notice of the sale to . . . the owner of record at the time of the sale." Indiana Code Section 6-1.1-25-4.5(d) provides in relevant part that the person giving notice must do so by "sending a copy of the notice by certified mail to . . . the owner of record . . . at the last address of the owner for the property, as indicated in the records of the county auditor . . . ." Indiana Code Section 6-1.1-25-4.5(h) provides that "[t]he notice required by this section is considered sufficient if the notice is mailed to the address required under subsection (d)."

And Indiana Code Section 6-1.1-25-4.6 (2014) provides in relevant part that the purchaser must give notice of the filing of a verified petition for issuance of a tax deed "to the same parties and in the same manner as provided in section 4.5 of this chapter . . . . The notice . . . is considered sufficient if the notice is sent to the address required by section 4.5(d) of this chapter."

receipt, postmarked by the post office and sent to the last known address in the auditor's records, "is sufficient to prove [a notice was sent by] certified mail and complied with the statute," even if no return receipt is requested and the owner asserts that he never received actual notice. *Gupta v. Busan*, 5 N.E.3d 413, 417 (Ind. Ct. App. 2014), *trans. denied*. Moreover, the county auditor is not required to search any other records to find an updated address, *Combs v. Tolle*, 816 N.E.2d 432, 437-38 (Ind. Ct. App. 2004), unless a notice is returned to the auditor due to an insufficient or incorrect address, *Farmers Mut. Ins. Co. of Grant & Blackford Cntys. v. M Jewell, LLC*, 992 N.E.2d 751, 757-58 (Ind. Ct. App. 2013), *trans. denied*; *see also Oliverio v. Chumley*, 817 N.E.2d 660, 663 (Ind. Ct. App. 2004) ("Since the 2001 amendment, nothing in the statute requires a tax sale purchaser to notify an owner of record by any means other than by certified mail to the address maintained by the county auditor's office.").

[13] Gentry claims that he did not receive actual notice of the tax sale pursuant to either Section 4.5 or Section 4.6. But, in light of the evidence presented by Blaire, actual notice was not required. In particular, Blaire presented evidence that he sent the Section 4.5 notice by certified mail to Gentry and Bales to the P.O. Box, which was the last known address listed for them in the county auditor's records at the time. Blaire also presented evidence that he sent the Section 4.6 notice by certified mail to Gentry at his home address in Florida. And there is no evidence that either the Section 4.5 notice or the Section 4.6 notice was returned due to an insufficient or incorrect address. Thus, the evidence supports the trial court's finding that Blaire provided notice to Gentry

as required by state statute and due process. Gentry's contention on appeal amounts to a request that we reweigh the evidence, which we will not do.

## *Issue Two: Redemption*

[14] Nevertheless, Gentry claims he timely attempted to redeem the property on September 15, 2014, in "good faith reliance"[2] on the Notice of Tax Sale statement that the period of redemption expired on October 1, 2014. Appellant's Br. at 1, 7-8. This argument lacks merit for several reasons. First, the Notice of Tax Sale listed two different potential redemption dates: October 1, 2014, if the property were sold at the tax sale, or January 29, 2014, if the property were not sold at the tax sale but the county "intend[ed] to pursue title" to the property. Appellant's App. at 41. Since the property was not sold at the tax sale but, instead, the certificate of sale for the property was sold to the county at the tax sale, the January 29, 2014, date was the applicable redemption date. I.C. § 6-1.1-25-4(c). Gentry provides no explanation for his reliance on the October 2014 date rather than the January 2014 date; regardless, his reliance was clearly misplaced.

---

[2] Gentry provides no legal authority or cogent argument as to how his reliance was "in good faith" or why such reliance is even relevant within the context of the sale of property due to delinquent taxes where all notices are sent in compliance with state law and due process. Gentry's reliance on *McBain v. Hamilton*, 744 N.E.2d 984 (Ind. Ct. App. 2001), is misplaced. *McBain* says nothing about "reliance in good faith" on a notice of the tax sale of property. Rather, in *McBain* we simply reiterated that, when a Notice of Tax Sale is returned to the county auditor with a more recent address for the property owner, due process requires that the auditor re-mail the notice to the more recent address. *Id.* at 989. Here, of course, the Notice of Tax Sale was not returned to the auditor, and Gentry did actually receive a copy of the notice.

[15]     Second, Gentry admitted at the hearing that he saw the October 2, 2013, Certificate of Sale, although there was no evidence presented as to when he saw it. The Certificate of Sale states that "the expiration of the redemption period" for the property was January 29, 2014. Appellant's App. at 33. Thus, Gentry again received actual notice that the redemption period was in January 2014.

[16]     Finally, regardless of Gentry's reliance on the October 1, 2014, redemption date, Blaire met all the statutory and due process requirements for obtaining a deed to property with delinquent taxes. Therefore, the trial court did not err in concluding that Gentry's objection lacked merit and should be overruled.

[17]     Affirmed.

Kirsch, J., and Barnes, J., concur.